MADELINE FURLOUGH, ADMINISTRATRIX, v. NASH COUNTY HIGHWAY COMMISSION ET AL.

(Filed 28 March, 1928.)

**1. Evidence—Weight and Sufficiency—Evidence Held Sufficient on Issue of Negligence to Uphold Verdict.**

Evidence tending to show that the defendant contractor for the building of a county highway suddenly turned the course of the old road at right angles at a railroad cut, leaving it without guard or signal to warn

against danger, and that the plaintiff's intestate, traveling in an automobile at night ran off the edge of the cut and was killed is sufficient evidence of defendant's negligence to uphold the verdict in plaintiff's favor. *Evans v. Construction Co.*, 194 N. C., 31.

**2. Appeal and Error—Review—Error Waived in Supreme Court.**

An appeal from a judgment of nonsuit will be dismissed when the appellant has assigned no error or filed no brief.

Appeal by defendant, Nello L. Teer, from *Sinclair, J.*, at August Term, 1927, of Franklin.

Civil action to recover damages for an alleged wrongful death caused by defendants' alleged negligence in failing properly to guard a dangerous embankment, fill or cut, while the road along said embankment, fill or cut, was being reconstructed under the immediate direction and supervision of the defendant, Nello L. Teer.

This suit was originally brought against the Nash County Highway Commission, the Atlantic Coast Line Railroad Company and others, but prior to verdict nonsuits were entered as to all of the defendants except the defendant, Nello L. Teer.

It was in evidence that plaintiff's intestate was injured at a point outside the town of Nashville, where the road, which the defendant Teer was reconstructing under a contract with the Nash County Highway Commission, approaches a deep cut or railroad fill, and makes a right-angle-turn, within a few feet of the edge of said cut, and goes thence along the right of way of the railroad for a distance of about 150 feet, and then crosses the railroad tracks. The road where it runs up to the railroad cut had formerly been at a different point, and there was a ridge on the edge of the cut approximately 3½ or 4 feet high and about 4 feet wide. This ridge served as a shield and protected travelers against running into the cut, down the embankment and upon the railroad tracks. The ridge was cut down by the defendant while in charge of the construction work in such a way as to conceal the cut from the view of a traveler at night-time and to give the appearance of a hard-surfaced road leading straight ahead into the town of Nashville. On the night of 11 September, 1926, plaintiff's intestate, while driving in his automobile along said road, ran into said fill or cut, left in this alleged negligent condition by the defendant Teer, and received injuries from which he died the next day.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff's intestate injured and killed through the negligence of the defendant, Nello L. Teer, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff's intestate contribute to his injury and death by his own negligence, as alleged in the answer? Answer: No.

"3. What damages, if any, is the plaintiff entitled to recover of the defendant, Nello L. Teer? Answer: $12,000."

Judgment on the verdict for plaintiff, from which the defendant, Nello L. Teer, appeals, assigning errors.

*Cooley & Bone, Ben T. Holden, E. T. Griffin and Biggs & Broughton for plaintiff.*

*E. H. Malone, Leon T. Vaughn, R. N. Simms, Pou & Pou and J. L. Emanuel for defendant, Nello L. Teer.*

STACY, C. J. The tort liability of the defendant, Nello L. Teer, in failing properly to protect and direct traffic on the road in question, while under construction by him, is fully established by the decisions in *Evans v. Construction Co.,* 194 N. C., 31, and *Hughes v. Lassiter,* 193 N. C., 651, 137 S. E., 806, and it would only be a matter of repetition to state again what has been so recently said in these cases.

The record is large and the case an important one to the parties, but we have found no exception of sufficient moment to warrant an extended discussion. The controversy on trial narrowed itself principally to issues of fact, determinable alone by the jury under the evidence. A careful perusal of the record leaves us with the impression that the case has been tried substantially in accord with the principles of law applicable, and that the verdict and judgment ought not to be disturbed.

The plaintiff and defendant, Nello L. Teer, each noted an appeal from the judgment of nonsuit in favor of the Atlantic Coast Line Railroad Company, but as the plaintiff has failed to prosecute her appeal from this judgment, and the defendant, Nello L. Teer, has filed no brief and assigned no error in regard to same, the motion of the defendant, Atlantic Coast Line, to dismiss said appeals must be allowed.

No error.