RUTH KARPF v. W. B. ADAMS AND F. C. TATE, TRADING UNDER THE FIRM
    NAME OF ADAMS & TATE CONSTRUCTION COMPANY, AND ABE M.
    NOBER,
                                and
B. H. RUNYON v. W. B. ADAMS AND F. C. TATE, TRADING UNDER THE FIRM
    NAME OF ADAMS & TATE CONSTRUCTION COMPANY AND ABE M.
    NOBER.

(Filed 30 January, 1953.)

1. Appeal and Error § 29—

    Exceptive assignments of error not brought forward in the brief, as well as those brought forward in the brief but in support of which no reason or argument is stated or authority cited, are deemed abandoned. Rule of Practice in the Supreme Court 28.

**2. Highways § 4b—**

Conflicting evidence as to whether defendant construction company erected reasonable warning signs at a particularly dangerous place along a highway under construction *held* to require the submission of the issue of negligence to the jury.

**3. Trial § 23a—**

Conflicts in the testimony are for the jury and not for the court.

**4. Jury § 4—**

In examining prospective jurors, counsel have the right to ask questions seeking to elicit information which would show bias or prompt counsel to exercise their right of challenge, but the court should carefully supervise such interrogation in the exercise of a sound discretion. ·

**5. Same: Trial § 48—**

Counsel, in interrogating prospective jurors, stated that the accident in suit was one of a series of eleven accidents at the place in question. The trial court, upon objection and motion for new trial by opposing counsel, immediately cautioned the prospective jurors not to consider any reference to any accident other than the one in suit. *Held:* The court removed the prejudicial effect of any impropriety, and the denial of motion for new trial was proper.

**6. Evidence § 26: Negligence § 18—**

As a general rule, evidence of other accidents or occurrences is not competent and should not be admitted.

**7. Same: Highways § 4b—Evidence of other accidents at the place in question held competent to show the dangerous condition or character of the place of injury.**

Plaintiffs' evidence was to the effect that the car which struck them slowed to fifteen or twenty miles per hour before entering upon that part of the highway under construction that was covered with a binder, that the car immediately went out of control and skidded to the side of the road where it struck both plaintiffs. *Held:* Evidence of similar accidents which occurred on the same morning under approximately the same circumstances at the same place was competent for the purpose of showing the dangerous condition or character of the place of injury.

**8. Appeal and Error § 6b—**

Objection and exception to a contention not supported by the evidence should be taken at the time such contention is asserted, and when the court does not submit such contention to the jury, objection thereto cannot be raised by an exception to an excerpt from the charge in which the court, at the instance of appellant, cautions the jury that there was no evidence to support the contention.

**9. Appeal and Error § 6c (6)—**

Where a party is not satisfied with the statement by the court of his contention that there was no evidence to support a contention of the adverse party, he should request further instructions on the point at the time.

**10. Appeal and Error § 6c (5)—**

An exception to an excerpt from the charge does not ordinarily challenge the omission of the court to charge further on the same aspect of the case.

**11. Highways § 4b: Negligence § 21—Evidence held not to require submission of issue of primary and secondary liability.**

The evidence disclosed that plaintiffs were struck by a car driven by one defendant which, though being driven at not more than twenty miles per hour, went out of control and skidded immediately it was driven upon an oil binder placed upon the highway under construction by the other defendant. *Held:* If the driver of the car was guilty of negligence he was a joint tort-feasor, and the question of his liability was properly presented to the jury under the issue of concurring negligence of defendants, and the evidence did not require the submission of an issue as to primary and secondary liability.

**12. Same: Negligence § 19a—Evidence held not to require submission of issue of insulating negligence.**

The evidence disclosed that plaintiffs were struck by a car driven by one defendant which, though being driven at not more than twenty miles per hour, went out of control and skidded immediately it was driven upon an oil binder placed upon the highway under construction by the other defendant. *Held:* Whether the negligence of the driver of the car insulated the negligence of the construction company is not an issue of fact but a question of fact directed to the question of proximate cause, which was properly submitted to the jury under the issue of concurring negligence of defendants, and the refusal of the court to submit an issue as to insulating negligence is not error.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant Construction Company from *Carr, J.,* February Term, 1952, HARNETT.

Two civil actions to recover compensation for personal injuries sustained by plaintiffs when struck by an automobile operated by defendant Nober, consolidated for the purpose of trial.

In March 1951, defendants Adams & Tate Construction Company, a copartnership, hereinafter referred to as the Construction Company, were engaged in resurfacing a part of U. S. Highway 301 in the area of Godwin, N. C. To a point about 500 yards south of Godwin, a top layer of asphalt had been laid on both sides of the highway. From that point south on the western side only, the tack coat—a binder between the asphalt and the lower layer of the road—had been put or poured when the construction force stopped work at noon on Saturday, 17 March. This tack coat consists of an oily substance and is very slippery when wet. The asphalt coat or layer is one and one-half inches or more thick so that the west side of the road was one and one-half inches lower than the completed east side. It rained during that week end and was raining in the

early morning of 19 March so that a portion of the road having the exposed tack coat was wet and very slippery.

Between 6:00 and 7:00 a.m. on Monday morning, 19 March 1951, plaintiff Karpf and her husband were traveling south on Highway 301. When they reached the one and one-half inch drop-off to the exposed tack coat layer of the highway about 500 yards south of Godwin and drove onto the slick surface thereof, their automobile skidded, went into a spin, and came to rest in the road ditch on the opposite, or eastern, side of the highway, and was headed back north. Plaintiff's husband was operating the automobile at about 15 or 20 m.p.h. at the time he reached and entered on the incomplete tack-coat portion of the road.

The vehicle could not be driven out of the ditch under its own power. Other motorists stopped. Plaintiff Runyon, traveling north, drove by the stalled vehicle, stopped, and walked back on the left shoulder to lend assistance. A motorist with a truck passed the Karpf vehicle and backed up to the front thereof preparatory to attaching a chain to pull it out of the ditch. While the parties were so engaged, defendant Nober approached the scene from the north. When he entered on the unfinished, oily west half of the highway, traveling 15 or 20 m.p.h., his vehicle skidded across the highway and struck both Mrs. Karpf and plaintiff Runyon. Mrs. Karpf, at the time, was standing near the rear wheel of her car, and Runyon was within about ten feet thereof. Mrs. Karpf was critically and permanently injured. Her pelvis was badly fractured and a part thereof, including the bony canal through which birth takes place, was left in a "detached and dislocated condition." There were other serious injuries it is unnecessary to detail. Runyon suffered a comminuted fracture of his right clavicle and several ribs, damage to his lungs, and other injuries.

The plaintiffs offered evidence tending to show there was a sign about one and one-half miles north of Godwin reading "Road under Construction," and that there were no other warning signs from that point to the place the slippery, oily section of the highway was left exposed about 500 yards south of Godwin; that there were no signs on or near the place the road was then actually under construction; that the incomplete, slippery section was not protected by a barricade or other device; and there was nothing to warn a motorist of the danger.

After the Karpf vehicle and the Nober vehicle had skidded and spun into the ditch, an ambulance which had been called to take the injured parties to the hospital approached the scene. When the operator came in sight of the wreck, he slowed down to about fifteen miles per hour and when the ambulance "struck the oil" it "went into a spin, turned around about twice right there on top of the highway" and when it stopped it "was right even with the Karpf car." The operator testified that just as

soon as he got on the oily surface and touched his brakes, the ambulance went into a spin. He likewise testified that he saw no signs or other warnings.

One McClellan likewise testified that about 5:45 on the morning of 19 March he passed through Godwin, going south, and that "when he hit the oil, he began to slip," and his vehicle "went into a spin and came to rest on the lefthand side of the road, going south, over in a ditch, turned up, bottom up; in other words, sideways, on the ground." He was traveling about 25 m.p.h.

The Construction Company in its answer admits that (1) they were engaged in the "reconstruction" of the section Highway 301 in question; (2) "there was a part of the west side of the road several hundred feet long that had been treated with an asphalt primer when the work suspended on Saturday afternoon 17 March 1951, which had to dry out before putting on the top layer of asphalt;" and (3) "the asphalt primer was slippery, especially when wet." Its evidence was to like effect. However, its testimony in respect to warning signs and the diligence it had exercised to give the motoring public notice of the condition of the road was in sharp conflict with that offered by plaintiff. It offered evidence tending to show that signs were placed at about 100-foot intervals on the west shoulder of the highway both north and south of the point of the accident reading: "SLIPPERY WHEN WET," "ONE WAY TRAFFIC," "SLOW TO 15 MPH.," and "WET OIL." Its evidence discloses that the tack coat can be covered immediately after it is put down but that on this occasion it had been on the highway in an exposed condition "two or three days."

Nober pleaded a cross action against the Construction Company and the Construction Company pleaded sole negligence, primary negligence, and joint tort-feasorship of Nober.

At the conclusion of plaintiffs' evidence in chief, Nober's motion for judgment of nonsuit was sustained. At the conclusion of the evidence Nober suffered a voluntary nonsuit on his cross action against the Construction Company. The motions for judgment of nonsuit duly entered by the Construction Company were denied.

In each case the court submitted issues of negligence, contributory negligence, and damages on the cause of action alleged against the Construction Company. It likewise submitted, in the *Karpf case,* a fourth issue as follows:

"4. Was the plaintiff, Ruth Karpf, injured by the concurring negligence of the defendants Adams & Tate Construction Company, and the defendant Abe Nober, as alleged in the cross-action of the defendant Adams & Tate Construction Company?"

An identical issue was submitted in the *Runyon case.*

In each case the jury answered the first issue "yes" and the second and fourth issues "no." It awarded damages in the *Karpf case* in the sum of $55,000 and in the *Runyon case* in the sum of $20,000. Defendant Construction Company moved to set aside the verdict and for a new trial for that the damages awarded were excessive. By consent the motion was continued to be heard out of term and out of the county. At the hearing on the motion the court, by and with the consent of the plaintiffs, reduced the award of damages to $30,000 in the *Karpf case* and to $11,000 in the *Runyon case*. Judgments were duly entered on the verdicts rendered as thus amended and defendant Construction Company excepted and appealed.

*Everette L. Doffermyre and Wilson & Johnson for plaintiff appellees.*
*Neill McK. Salmon and Robert H. Dye for defendant appellants.*
*James MacRae for defendant Nober, appellee.*

BARNHILL, J. There are twenty-nine exceptive assignments of error in the record. Those not brought forward and discussed in appellant's brief are deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562; *S. v. Avery,* 236 N.C. 276; *Brown v. Ward,* 221 N.C. 344, 20 S.E. 2d 324; *Merchant v. Lassiter,* 224 N.C. 343, 30 S.E. 2d 217.

There are other assignments of error which are brought forward in the brief "in support of which no reason or argument is stated or authority cited." To these Rule 28, *supra,* likewise applies.

The evidence offered by plaintiffs clearly required the submission of issues to the jury. The conflicts of testimony were for the twelve, and not the court, to consider in finding the facts. *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551; *Gold v. Kiker,* 216 N.C. 511, 5 S.E. 2d 548; *Hughes v. Lassiter,* 193 N.C. 651, 137 S.E. 806; *Furlough v. Highway Commission,* 195 N.C. 365, 142 S.E. 230.

During the selection of the jury, counsel for defendant Nober stated to the jury that this was one of a series of accidents of which there were eleven. Appellant immediately objected and moved for a new trial. Thereupon, the presiding judge carefully and fully cautioned the prospective jurors that they should not permit the remark of counsel to influence their decision in these cases if they should be chosen as jurors, which caution was in part as follows: "The counsel are now determining whether or not you will be accepted as jurors to try a case in which there are two plaintiffs involved, and it has been stated to the Court at the outset that these two plaintiffs were injured in the same accident, and at the same time, and they are the injuries that the plaintiffs are suing for here, which is conceded arose out of the same transaction, the same time,

KARPF *v.* ADAMS and RUNYON *v.* ADAMS.

and you will not consider any reference to any other accident at or about the same place, or time; you will disregard that and do not permit it in any way to influence any verdict that you might render in these cases, if you should be chosen as a juror."

Having so cautioned the prospective jurors, the court denied the motion and appellant excepted. In this ruling we can perceive no substantial error.

When prospective jurors are being questioned by counsel in the selection of a jury to try a pending action, it is essential that they be informed as to the nature and purpose of the cause to the end that counsel may ascertain whether they, or any one of them, have information, or have formed an opinion, which might disqualify them or prompt counsel to exercise their right of challenge. At times this necessitates the statement of facts which may, at least on the surface, appear to be prejudicial to the adversary parties. Even so, it is a necessary preliminary part of a trial by jury.

While the exercise of the right to seek this type of information rests largely in the discretion of the trial judge and should be carefully supervised by him, we perceive no abuse of discretion or invasion of rights of the appellant here.

Perhaps in giving the number of accidents which had occurred at the same place, counsel inadvertently exceeded the bounds of propriety. If so, the very careful caution of the judge was sufficient to remove any prejudicial effect thereof.

In this connection we may note that counsel for appellant, if they desired, had the right to examine the jurors concerning the impression the remark had made on their minds. Yet the record fails to disclose that they challenged or attempted to challenge any juror by reason thereof.

The evidence of similar accidents which happened on the morning of 19 March under approximately the same circumstances at the place where plaintiffs were injured was admitted over the objection and exception of appellant. The assignments of error directed to these exceptions afford no grounds for a new trial.

As a general rule, evidence of other accidents or occurrences is not competent and should not be admitted. 20 A.J. 278. But there are clearly defined and well-recognized exceptions to this rule.

Evidence of other similar accidents or injuries at or near the same place and at approximately the same time, suffered by persons other than the plaintiff, are competent: "(1) To show the existence of a defective or dangerous condition . . . and the dangerous character of the place of injury . . ." 20 A.J. 282; Anno. 65 A.L.R. 380; 81 A.L.R. 686; *Alcott v. Public Service Corp.,* 74 A. 499; *Lebanon v. Graves,* 199 S.W. 1064; *Texas & P. R. Co. v. Watson,* 190 U.S. 287, 47 L. Ed. 1057.

"Evidence of similar occurrences is admitted where it appears that all the essential physical conditions on the two occasions were identical; for under such circumstances the observed uniformity of nature raises an inference that like causes will produce like results, even though there may be some dissimilarity of conditions in respect to a matter which cannot reasonably be expected to have affected the result." *Perry v. Bottling Co.,* 196 N.C. 690, 146 S.E. 805; 196 N.C. 175, 145 S.E. 14; *Broadway v. Grimes,* 204 N.C. 623, 169 S.E. 194. The relevancy of this testimony is based upon the ground that the conditions and circumstances were substantially the same and the occurrences were separated only by a very brief interval of time. *Conrad v. Shuford,* 174 N.C. 719, 94 S.E. 424; *Pickett v. R. R.,* 200 N.C. 750, 158 S.E. 398; *Etheridge v. R. R.,* 206 N.C. 657, 175 S.E. 124.

The appellant assigns as error the following excerpt from the charge of the court:

"The defendant Construction Company calls attention to the fact that there has been some suggestion in respect to her loss of capacity to bear children, and her loss of capacity to have sexual relations; some reference has been made,—some contention has been made as to that, but the defendant Construction Company contends that no definite evidence as to that has been admitted by the court as competent evidence; that no doctor has testified to that effect, and that there is no definite evidence that the jury should consider indicating that she has been affected in that way, and that such contention arises upon no evidence that has been declared competent by the court in this case, and no doctor has given an opinion that she is handicapped and is not capable of having sex relations, or having children. The defendant Construction Company contends and insists that you should take that into consideration and find that contention is not founded upon evidence."

The exception is untenable.

Since the court below gave no such contention in behalf of Mrs. Karpf, we are not now required to say whether there is sufficient evidence to support a legitimate contention that the injuries she received are of such nature as to render her incapable of normal sex relations or of bearing children. It does not appear when or under what circumstances or by whom the contention was made. In any event, that was the time for the defendant to take notice thereof, except, and request a proper caution to the jury. Even if we concede there is some merit in the exception, it came too late.

Furthermore, it appears that it was the defendant who specifically called the matter to the attention of the court during the charge to the jury. If it desired further instruction as to the sufficiency of the evidence

to support the contention and thus to raise a question of law for this Court to decide, it should have so requested at the time.

Moreover, the defendant does not challenge the correctness of the contention as given by the court. Its challenge is bottomed upon the argument that the court should have further charged there was no evidence to support the contention made by plaintiff. But an exception to what the judge did say does not, ordinarily, challenge its omission to charge further on the same aspect of the case. *S. v. Jones,* 227 N.C. 402, 42 S.E. 2d 465, and cases cited.

While appellant in its answer asserts that defendant Nober was and is primarily liable for any injuries suffered by plaintiffs, there is no evidence in the record which necessitated the submission of the issue based on this allegation tendered by the appellant. The jury has exculpated Nober. However, even if we concede that he was likewise guilty of negligence which was one of the proximate causes of the injuries sustained by plaintiffs, then he was a joint tort-feasor and liable as such. The fourth issue submitted adequately presented this phase of the case.

The appellant likewise tendered in each case an issue as follows:

"Was the negligence of the defendant Adams & Tate Construction Company insulated by the negligence of defendant Nober, as alleged in the answer of the defendant Adams & Tate Construction Company?"

Whether the independent negligent action of another insulates the negligence of a defendant in an action such as this is not an issue of fact. It is a question of fact directed to the question of proximate cause which, in turn, is an essential element of actionable negligence. *Riggs v. Motor Lines,* 233 N.C. 160, 63 S.E. 2d 197. Whether plaintiffs' injuries were proximately caused by the negligence of the defendant is the real and only issue which should not be dissected into questions directed—affirmatively or negatively—merely to its constituent elements. It follows that there was no error in the refusal of the court to submit the issue tendered.

We have carefully examined the other exceptive assignments of error brought forward and discussed in appellant's brief. None of them present any new or novel question of law or possess sufficient merit to require discussion. The appellant has had a fair trial. The judge has substantially reduced the awards made by the jury. It must abide the result.

We pause to note that the statement by this Court from time to time that exceptions are untenable or are without sufficient merit to require discussion or the like constitutes no criticism of or reflection upon counsel in the case. The diligence of attorneys prosecuting appeals to this Court in pointing out and calling to our attention rulings of the court below which may have unduly or improperly influenced the verdict rendered and the resulting careful examination thereof we are required to make in the light of the record as a whole constitute one of the great safeguards

our judicial system provides to assure fair and impartial trials for all litigants.

In the trial below we find

No error.

PARKER, J., took no part in the consideration or decision of this case.