CHARLIE J. HOOKS v. FRANK HUDSON.

(Filed 6 May, 1953.)

**Automobiles §§ 8d, 18a, 18b—**

Allegations to the effect that defendant's car was parked in the daytime on the hardsurface of the highway and left unattended in violation of statute, that plaintiff was forced to stop his car behind the parked car because of on-coming traffic, and that another car then rammed into the back of plaintiff's car, resulting in the injury in suit, *is held* insufficient to state a cause of action against defendant, and defendant's demurrer was properly sustained.

APPEAL by plaintiff from *Carr, J.,* at September Term, 1952, of COLUMBUS.

Civil action to recover for personal injuries and property damage alleged to have resulted from actionable negligence of defendant in parking his family-purpose automobile operated by his son, and leaving it parked on paved portion of highway, heard in Superior Court upon demurrer of defendant chiefly upon the ground that the allegations set forth in the complaint fail to state a cause of action against defendant in that

it appears upon the face of the complaint that there is no causal connection between the parking of defendant's automobile on the highway and the collision of which plaintiff complains.

The matters and things of which plaintiff complains, as set out in his complaint, occurred about 11 o'clock on Saturday morning, 22 December, 1951. The scene was at a point on Highway No. 301 about two and a half miles south of Weldon, North Carolina. Plaintiff, accompanied by his wife, and driving his 1951 4-door Cadillac sedan, was traveling north on this highway. Another automobile, being driven by E. E. Holding, was preceding plaintiff. The family-purpose automobile of defendant, being operated by his son, "had parked and was parked" unoccupied and entirely on the paved portion in the right lane of the highway,—the left wheels being five and a half inches from the center line. Numerous motor vehicles were coming from the opposite direction, so that the forward progress of the Holding automobile, and that of plaintiff was "completely impeded and obstructed." "Due to these causes and circumstances" the automobile driven by Holding "had been forced to stop immediately behind the said automobile of defendant," and "plaintiff's automobile was forced to stop immediately behind the automobile being driven by E. E. Holding and plaintiff's automobile had been stopped at said point approximately thirty seconds when he was struck on the rear by an automobile being driven, as he is informed and believes, by one Lester M. Council, Jr., and as a result of being struck from the rear in said manner plaintiff's automobile was hurled and forced forward into the automobile (Holding's) immediately in front . . .," causing damages at least to the extent of $2,300.00 to his, plaintiff's, automobile, and personal injury to him.

The acts of negligence as set out in the complaint and charged by plaintiff against defendant, in summary, are that defendant unlawfully and negligently parked his automobile upon the paved portion of the highway so as to obstruct vehicular traffic, etc. And it is alleged in the complaint that the negligence alleged against defendant was "the sole and proximate cause of said collision and the resulting damages to plaintiff's automobile and . . . personal injuries sustained by the plaintiff."

Upon hearing on the demurrer of defendant, the court, being of opinion that the complaint does not state a cause of action against defendant, entered judgment sustaining the demurrer.

Plaintiff excepts thereto, and appeals to Supreme Court, assigning error.

*Powell & Powell and D. Jack Hooks for plaintiff, appellant.*
*Varser, McIntyre & Henry for defendant, appellee.*

COACH CO. *v.* COACH CO.

WINBORNE, J.   Did the judge of Superior Court err in sustaining defendant's demurrer to the complaint?   This is the only question presented on this appeal.

In this connection, the controlling principles have been restated and applied in the recent cases of *McLaney v. Motor Freight, Inc.*, 236 N.C. 714, 74 S.E. 2d 36, and *Hollifield v. Everhart, ante,* 313, 74 S.E. 2d 706. In each of these cases, similar in factual situation to the case in hand, the sufficiency of the allegations of the complaint to state a cause of action, was challenged by demurrer upon grounds similar to those on which defendant here relies.   And what is said there is applicable here. Further restatement would be merely repetitious.   Hence on authority of these cases, the judgment below is
   Affirmed.