THOMAS PRESTON SMITH .v. J. R. GRUBB, LAND O'LAKES CREAM-
ERIES, INC., AND DELMA SMITH,
and
PROPST CONSTRUCTION CO., INC., v. J. R. GRUBB, LAND O'LAKES
CREAMERIES, INC., AND DELMA SMITH.

(Filed 25 November, 1953.)

**1. Negligence § 7—**

The test to determine whether the original negligence is insulated by the intervening act of a responsible third person is whether the original negligence had become passive and had ceased to be capable of causing any injury by any intervening act which could have been reasonably foreseen.

**2. Automobiles §§ 8d, 14, 18d, 18h (4)—Evidence held to disclose inter-
vening negligence insulating primary negligence as matter of law.**

The evidence tended to show that a car was stopped on the highway, that the driver of plaintiff's car, traveling in the same direction, slowed to a virtual stop some fifteen feet back of this car while giving the appropriate hand signal, and that as he did so the driver of a third car, traveling in the same direction, crashed into the rear of his car. *Held:* Any negligence of the driver of the car which had stopped on the highway was insulated by the intervening negligence of the car which crashed into the rear of plain-
tiff's car, and the original tort-feasor's motion to nonsuit on the ground of insulating negligence is properly allowed.

JOHNSON, J., dissents.

Smith *v.* Grubb and Construction Co. *v.* Grubb.

Appeal by plaintiffs from *Nettles, J.,* June Term, 1953, of Cabarrus. Affirmed.

Actions by Thomas Preston Smith to recover damages for a personal injury and by Propst Construction Company to recover damages for injury to its truck, both resulting from the same collision of automobiles, were consolidated for trial. It was alleged that the injuries complained of were caused by the concurring negligence of all the defendants.

It appeared that 6 September, 1951, about noon, while plaintiff Construction Company's pickup truck was being driven northwardly by plaintiff Thomas Preston Smith along the highway near Smithfield, North Carolina, it became involved in a collision which the plaintiffs in their complaints have described as follows:

"That as plaintiff's truck was in the vicinity of the Neuse River bridge the driver observed a 1949 Oldsmobile automobile being operated by defendant J. R. Grubb stopped or parked on the pavement on the right or eastern half of the highway headed in a northern direction; that the driver of plaintiff's said vehicle, while giving proper hand signal therefor, began slowing his speed and came to a virtual stop approximately 15 feet to the rear of the Grubb car, when suddenly and without warning plaintiff's truck was struck violently from the rear by a 1950 Chevrolet automobile owned by defendant Delma Smith and driven by Shelton Lee Smith; that the impact rendered the driver of plaintiff's vehicle unable to control the pickup truck and it was knocked forward into the Grubb automobile and then to the left; that plaintiff's truck was then struck with great force by a 1951 Chrysler automobile owned and operated by defendant John C. Dryden which was proceeding at an excessive rate of speed in a southern direction."

Defendants Grubb and Creameries, Inc., denied the allegations of negligence, and further alleged that if they were in anywise negligent, such negligence was insulated by the intervening negligence of Shelton Lee Smith, who was driving the automobile of Delma Smith as his agent.

Plaintiffs also included John C. Dryden as party defendant as one whose negligence contributed to their injuries, but subsequently took a voluntary nonsuit as to Dryden.

On the trial the demurrers *ore tenus* of Grubb and Creameries, Inc., were overruled. The jury returned verdict for plaintiffs against Delma Smith and found on Delma Smith's counterclaim or cross-action that Delma Smith's automobile was not damaged by the negligence of the plaintiffs.

After hearing all the evidence the trial judge sustained the motion of defendants Grubb and Creameries, Inc., for judgment of nonsuit and dismissed the action as to them.

Plaintiffs appealed.

*John Hugh Williams and Ruark, Ruark & Moore for plaintiffs, appellants.*

*Hartsell & Hartsell and William L. Mills, Jr., for defendants, appellees.*

DEVIN, C. J.   From an examination of the allegations of the two complaints, which in this respect are identical, wherein the plaintiffs have stated the facts constituting their causes of action against the defendants Grubb and Creameries, Inc., we think it affirmatively appears that the negligence of these defendants, if any, was insulated by the active negligence of Delma Smith, and that the demurrers *ore tenus* should have been sustained, and further that on plaintiffs' evidence, which was substantially in accord with the allegations, judgment of involuntary nonsuit was properly entered.

As *Chief Justice Stacy* observed in *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808, "The application of the doctrine of insulating negligence of one by the subsequent intervention of the active negligence of another, as a matter of law, is usually fraught with some knottiness. However, the principle is a wholesome one, and must be applied in proper instances." *Gas Co. v. Montgomery Ward & Co.,* 231 N.C. 270 (275), 56 S.E. 2d 689.

"The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury." *Butner v. Spease, supra.* "The new, independent, efficient intervening cause must begin to operate subsequent to the original act of negligence and continue to operate until the instant of injury." *Hinnant v. R. R.,* 202 N.C. 489 (494), 163 S.E. 555.

"The test by which to determine whether the intervening act of an intelligent agent which has become the efficient cause of an injury shall be considered a new and independent cause, breaking the sequence of events put in motion by the original negligence of the defendant, is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected." *Balcum v. Johnson,* 177 N.C. 213, 98 S.E. 532.

In the case at bar it is apparent that the negligence of Grubb would have produced no injury to the plaintiffs but for the subsequent active negligence of Delma Smith's driver. The plaintiffs' driver had seen the Grubb automobile where it was stopped on the highway, and had driven slowly and stopped 15 feet away. The negligence of Grubb had become passive and had ceased to be capable of causing any injury to the plaintiffs which could reasonably have been foreseen. No injury would have resulted to the plaintiffs but for the subsequent intervening negligence of a third person who carelessly drove into the rear of plaintiffs' truck. The

intervening acts of Delma Smith's driver acted as a nonconductor and insulated the negligence of Grubb.

This principle, inherent in the law of negligence and proximate cause, has been upheld in numerous decisions of this Court, among which we cite. *Hooks v. Hudson,* 237 N.C. 695, 75 S.E. 2d 758; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111; *Hollifield v. Everhart,* 237 N.C. 313, 74 S.E. 2d 706; *Godwin v. Nixon,* 236 N.C. 632, 74 S.E. 2d 24; *McLaney v. Motor Freight, Inc.,* 236 N.C. 714, 74 S.E. 2d 36; *Clark v. Lambreth,* 235 N.C. 578, 70 S.E. 2d 828; *Gas Co. v. Montgomery Ward & Co., supra; Warner v. Lazarus,* 229 N.C. 27, 47 S.E. 2d 496; *Butner v. Spease, supra; Smith v. Sink,* 211 N.C. 725, 192 S.E. 108; *Harton v. Tel. Co.,* 146 N.C. 429, 59 S.E. 1022. This principle, however, is not applicable where the facts alleged and shown are sufficient to justify the view that the several acts of negligence on the part of different defendants concurred in contributing to the injury complained of. *Karpf v. Adams,* 237 N.C. 106, 74 S.E. 2d 325; *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32; *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63; *Price v. City of Monroe,* 234 N.C. 666, 68 S.E. 2d 283; *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690; *Cunningham v. Haynes,* 214 N.C. 456, 199 S.E. 627; *Smith v. Sink,* 210 N.C. 815, 188 S.E. 631.

We think a correct result has been reached.

Judgment affirmed.

JOHNSON, J., dissents.