WILLIAM B. HOWZE v. JAMES L. McCALL AND JAMES O. LYONS

(Filed 10 December, 1958.)

**1. Judgments § 11—**

A judgment by default and inquiry establishes a right of action of the kind properly pleaded in the complaint, determines the right of plaintiff to recover at least nominal damages and costs, and precludes defendant from offering any evidence, in the execution of the inquiry, to show that plaintiff has no right of action.

**2. Same—**

While a judgment by default and inquiry precludes defendant from showing that plaintiff has no right of action, the default admits only the averments of the complaint, and if the allegations of the complaint are insufficient to state facts constituting a cause of action, judgment on the inquiry is erroneous and may be set aside upon demurrer *ore tenus* while the action is pending.

**3. Appeal and Error § 7—**

Demurrer *ore tenus* on the ground that the complaint fails to state

facts sufficient to constitute a cause of action may be filed in the
Supreme Court. G.S. 1-134.

**4. Pleadings § 15—**

A pleading will be liberally construed upon demurrer with a view to
substantial justice between the parties, giving the pleader every reason-
able intendment, and admitting for the purpose of the demurrer the
truth of the allegations contained in the complaint, but the demurrer
does not admit conclusions of law.

**5. Automobiles §§ 10, 35, 43— Allegations held to show that negligence
of one defendant was sole proximate cause, exonerating other de-
fendant.**

Allegations to the effect that the first defendant had left his car
parked at nighttime without lights in the southbound lane of traffic
in violation of statute, that plaintiff, traveling south, when suddenly
confronted with the parked car, applied his brakes and was struck
from the rear by an automobile driven by the other defendant in a negli-
gent manner in violation of statute, disclose that the collision was inde-
pendently and proximately produced by the negligence of the second de-
fendant, and the demurrer *ore tenus* of the first defendant is sustained
in the Supreme Court, the allegations of the complaint that the colli-
sion was due to the joint and concurrent acts of negligence of both de-
fendants being a mere conclusion of law.

Parker, J., not sitting.

Appeal by plaintiff from *Pless, J.,* at June 2, 1958, Schedule "B"
Regular Civil Term of Mecklenburg.

Civil action to recover for personal injury and property damage
arising out of an automobile collision allegedly sustained by plaintiff
as result of actionable negligence of defendants in way and manner
described in the complaint, heard in Superior Court upon inquiry pur-
suant to judgment by default and inquiry against defendant Lyons.

Plaintiff alleges in his complaint substantially the following: The
collision occurred in Mecklenburg County, North Carolina, on or
about March 5, 1957, at about 7 o'clock P. M., on the York Road, a
two-lane paved highway, which runs in general north-south direction,
one lane for southbound traffic, and one for northbound traffic. Plain-
tiff was driving his 1947 Ford automobile in a southerly direction
along said road, keeping a careful lookout and doing all things re-
quired by law of a reasonably prudent person in the exercise of due
care for the rights of others using said highway. And the plaintiff
alleges the following:

"7. That as the plaintiff was driving his said automobile during
the nighttime along the said two-lane highway, on his right-hand and
proper side of the said highway, there suddenly and without any
warning whatsoever appeared immediately in front of him in his lane
of travel a parked Chevrolet automobile, which the plaintiff is inform-

ed and believes and therefore alleges belonged to and was parked on the said highway by the defendant Lyons; and that the plaintiff immediately applied his brakes to bring his vehicle to a stop; that * * * the defendant Lyons' automobile was parked at a standstill; completely in and blocking the southbound lane of the said two-lane highway.

"8. That the defendant McCall was to the rear and traveling in the same direction upon the highway that the plaintiff was traveling and did immediately thereafter run into and collide with the rear of the plaintiff's automobile, which collided with the rear of the defendant Lyons' parked Chevrolet automobile.

"9. That the defendant Lyons was negligent on the occasion in question in that:

(a) he parked his said automobile on the said highway obstructing the traveled portion of said highway, including the portion being properly traveled by the plaintiff, in direct violation of North Carolina General Statutes, Sec. 20-161;

(b) he negligently and carelessly parked the said automobile and left it standing upon and obstructing passage on the said highway and negligently and carelessly failed to display red flares or lanterns not less than 200 feet in either direction thereof in direct violation of North Carolina General Statutes, Sec. 20-161;

(c) he negligently and carelessly failed and refused to keep a proper lookout for traffic;

(d) he negligently and carelessly failed to give proper warning to traffic traveling along said highway, and in particular to the plaintiff, that his said automobile was parked on the highway obstructing traffic traveling in the direction of the plaintiff;

(e) he negligently and carelessly failed to drive his vehicle off the said highway and onto the shoulder or into an intersecting nearby street where there was ample room for him to do so, but on the contrary, he negligently and carelessly parked it in a heavily traveled highway during the nighttime;

(f) And he otherwise operated his said vehicle in a manner which he knew or in the exercise of due care should have known would be likely to endanger the property and lives of persons lawfully using said street and highway in direct violation of North Carolina General Statutes, Sec. 20-140."

And plaintiff in his complaint further alleges:

"10. That the defendant McCall was negligent on the occasion in question in that:

(a) he drove his said automobile at an unlawful rate of speed and at a speed that was greater than was reasonble and prudent under the conditions and circumstances then and there existing in direct

violation of North Carolina General Statutes, Sec. 20-141;

(b) he violated North Carolina General Statutes, Sec. 20-149, in that in overtaking the plaintiff's automobile, which was proceeding in the same direction, he failed to pass at least two feet to the left thereof, and also in that he failed to give audible warning with his horn or other warning device before doing so;

(c) he violated North Carolina General Statutes, Sec. 20-152, in that he followed the plaintiff's vehicle more closely than was reasonable and prudent;

(d) he failed to keep a proper lookout and failed to observe and avoid colliding with the plaintiff's automobile;

(e) he failed to keep his said automobile under control;

(f) and he otherwise operated his said vehicle in a manner which he knew or in the exercise of due care should have known would be likely to endanger the property and lives of persons lawfully using said highway in direct violation of North Carolina General Statutes, Sec. 20-140."

And the plaintiff further alleges:

"11. That as a direct and proximate result of the joint and concurrent aforesaid acts of negligence of the defendants, and each of them, the plaintiff's Ford automobile was damaged in the amount and to the extent of $100.00.

"12. That as a further direct and proximate result of the joint and concurrent aforesaid acts of negligence of the defendants, and each of them, as hereinabove described, the plaintiff sustained multiple contusions about his body in general, he sustained a severe injury to his neck and the lower part of his back and other parts of his person; that by reason thereof he suffered and is still suffering excruciating pain, had to seek medical care and attention and is highly nervous and believes and alleges that this condition will continue indefinitely and he is greatly disturbed in body to his great damage and that by reason thereof he has been damaged in the sum and to the extent of $15,000.00."

The record shows that defendant James L. McCall filed answer in which he denies in so far as he is concerned, in material aspect, the allegations of the complaint, and (1) as a first further answer and defense, and in bar of the right of the plaintiff to recover of him, pleads the contributory negligence of plaintiff, and (2) as a second further answer and defense and as a counterclaim and cross-action against the plaintiff, this defendant states a cause of action on actionable negligence of plaintiff for which he makes claim of damage to his automobile.

And the record on this appeal shows the following:

(1) Judgment by default and inquiry against defendant James O.

Lyons entered 17 June, 1957 on motion of plaintiff in default of an answer by Lyons within the time allowed by law.

(2) Orders duly made and entered in the discretion of the court denying motions of defendant Lyons (a) to set aside judgment by default and inquiry and to be permitted to file answer; (b) to be permitted to amend proposed answer lodged with his motion to set aside the judgment; and (c) to be permitted to file cross-action against defendant McCall for contribution under G.S. 1-240;

(3) Order overruling demurrer *ore tenus* filed by defendant James O. Lyons to the complaint of plaintiff;

(4) Judgment (a) that plaintiff's motion to take a voluntary nonsuit, without prejudice, on his cause of action against defendant James L. McCall only, and dismissing same, and (b) that motion of defendant McCall to take a voluntary nonsuit, without prejudice, on his counterclaim against plaintiff, be allowed and the counterclaim dismissed—all consented to by attorney for plaintiff and by attorney for defendant James L. McCall.

(5) Order that the action be set for trial during the week commencing Monday, 2 June, 1958, immediately following the peremptory cases theretofore set for trial during that week.

The record shows that defendant Lyons excepted to each of the foregoing orders and judgments and to the signing and entering of each of them.

The case was submitted to the jury upon these issues which the jury answered as indicated, to wit:

"1. What amount, if any, is the plaintiff entitled to recover for personal injuries? Answer: $900.00.

"2. What amount, if any, is the plaintiff entitled to recover for property damages? Answer: $25.00."

And the plaintiff, upon the coming in of the verdict, moved to set the verdict aside as against the greater weight of the evidence and for a new trial, and for errors committed by the court during the progress of the trial and in its charge to the jury and for errors assigned and to be assigned. The motion was denied, and plaintiff in apt time objected and excepted.

And to the signing of judgment in favor of plaintiff in accordance with the verdict plaintiff excepts, and appeals to Supreme Court.

*William H. Booe for plaintiff, appellant.*
*John H. Small for James O. Lyons, appellee.*

WINBORNE, C. J. Under decisions of this Court the effect of a judgment by default and inquiry is threefold. "1. It establishes a right of action of the kind properly pleaded in the complaint. * * * 2. It determines the right of the plaintiff to recover at least nominal

damages and costs. * * * 3. It precludes the defendant from offering any evidence, in the execution of the inquiry, to show that the plaintiff has no right of action." So wrote *Stacy, C. J.,* for the Court in *DeHoff v. Black,* 206 N.C. 687, 175 S.E. 179, citing cases in support of each.

In keeping with the primary effect as just stated, "the default admits only the averments of the complaint and if these are insufficient to warrant the plaintiff's recovery, no judgment can be given, as where it appears that the court has no jurisdiction or the facts do not constitute a cause of action." McIntosh's N. C. P & P in Civil Cases, Section 712 at p. 713. See also *Beard v. Sovereign Lodge,* 184 N.C. 154, 113 S.E. 661; *Strickland v. Shearon,* 191 N.C. 560, 132 S.E. 462; s. c. 193 N.C. 599, 137 S.E. 803; and *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835.

The question then arises, upon the demurrer *ore tenus* filed in Supreme Court by defendant, as to whether or not the complaint alleges facts sufficient to constitute a cause of action against defendant Lyons. He has the right to file such demurrer. G.S. 1-134. *Warren v. Maxwell,* 223 N.C. 604, 27 S.E. 2d 721; *Hall v. Coach Co.,* 224 N.C. 781, 32 S.E. 2d 325; *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860; *Stamey v. Membership Corp.,* 247 N.C. 640, 101 S.E. 2d 814; *Adams v. College,* 247 N.C. 648, 101 S.E. 2d 809.

A demurrer admits the truth of the allegations contained in the complaint together with relevant inferences of fact necessarily deducible therefrom, but it does not admit conclusions of law. *McLaney v. Motor Freight,* 236 N.C. 714, 72 S.E. 2d 44, and cases cited.

Also, it is provided by statute, G.S. 1-151, that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties." And decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before it will be rejected as insufficient. See *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369, and cases cited.

In the light of the provisions of the statute, as so interpreted and applied, and in keeping with the primary effect of the default in the judgment by default and inquiry hereinabove set forth, admitting the truth of the facts alleged in the complaint, this Court concludes as a matter of law that the allegations in respect to the defendant Lyons are fatally defective upon the ground that it affirmatively appears upon the face of the complaint that the injury of which plaintiff complains was, as stated by *Stacy, C. J.,* in *Smith v. Sink,* 211 N. C. 725, 192 S.E. 108, "independently and proximately produced by the wrongful act, neglect, or default of an outside agency or respon-

sible third person," to wit: the defendant McCall. See *McLaney v. Motor Freight, supra,* and cases there cited. See also *Hollifield v. Everhart,* 237 N.C. 313, 74 S.E. 2d 706; *Hooks v. Hudson,* 237 N.C. 695, 75 S.E. 2d 758; *Smith v. Grubb and Construction Co. v. Grubb,* 238 N.C. 665, 78 S.E. 2d 598; *Troxler v. Motor Lines,* 240 N.C. 420, 82 S.E. 2d 342; *Potter v. Frosty Morn Meats, Inc.,* 242 N.C. 67, 86 S.E. 2d 780, and others.

And while plaintiff characterizes the individual acts of negligence alleged against defendant Lyons and the individual acts of negligence alleged against defendant McCall as "joint and concurrent", it is patent that this is a conclusion of law which does not follow. For there are no "joint and concurrent" acts of negligence alleged. So then even if it be conceded that defendant Lyons was negligent in parking on the highway, there would have been no collision between the automobile of the plaintiff and the automobile of the defendant Lyons but for the independent intervening acts of defendant McCall.

The controlling principles, as stated in the *Hooks* case, *supra,* have been re-stated and applied particularly in the *McLaney and Hollifield* cases. In each of these, similar in factual situation to the case in hand, the sufficiency of the allegations of the complaint to state a cause of action was challenged by demurrer upon ground similar to those on which defendant Lyons here relies. And what is said there is applicable here. Hence on authority of these cases and those cited above, the demurrer *ore tenus* is sustained, and the judgment entered in Superior Court in favor of plaintiff and involved on this appeal is set aside and the action dismissed.

Demurrer *Ore Tenus*— Sustained.

Appeal by Plaintiff— Action dismissed.

PARKER, J., not sitting.