MORGAN V. WALKER, ADMINISTRATOR, v. G. R. LOYALL ET AL.

(Filed 23 September, 1936.)

**Torts B a—Held: Neither complaint nor answer alleged cause against party joined as codefendant on motion of original defendant.**

Defendant had another party joined as codefendant, and filed answer denying negligence on his part and alleging that the negligence of his codefendant was the sole proximate cause of the injury in suit, but demanding no relief against his codefendant. *Held:* The demurrer of the party joined should have been sustained on authority of *Bargeon v. Transportation Co.,* 196 N. C., 776, neither the complaint nor the answer of the original defendant alleging any cause of action against him, and C. S., 618, permitting contribution among joint tort-feasors, being inapplicable since the answer of the original defendant alleges sole liability on the part of his codefendant and not joint tort-feasorship.

APPEAL by defendant administrator from *Grady, J.,* at February Term, 1936, of PASQUOTANK.

Civil action to recover damages for alleged wrongful death.

The original summons was not served on the receivers of the Norfolk Southern Railroad; whereupon the defendant administrator, upon motion, procured an order making the receivers parties, and summons was duly issued and served. The administrator filed answer denying liability and alleging that plaintiff's intestate's death was caused by the sole negligence of the receivers. No relief, however, is asked against the receivers by the defendant administrator.

The receivers demurred to the complaint and to the answer of the defendant administrator upon the ground that neither pleading states facts sufficient to constitute a cause of action against them. Demurrer sustained, from which ruling the defendant administrator alone appeals.

*No counsel appearing for plaintiff.*
*John H. Hall for defendant, administrator, appellant.*
*Thompson & Wilson for defendants, receivers, appellees.*

STACY, C. J. The judgment of the Superior Court must be affirmed on authority of *Bargeon v. Transportation Co.*, 196 N. C., 776, 147 S. E., 299, which is controlling upon the facts presently appearing of record. The two cases are not distinguishable by reason of the amendment to C. S., 618, enacted 27 February, 1929, permitting contribution between joint tort-feasors, because the allegation of the defendant administrator is one of sole liability on the part of the receivers, if any liability at all, and not one of joint tort-feasorship. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

Nothing can be added to what was said in the *Bargeon case, supra,* where the late *Justice Brogden,* with his usual clarity and conciseness, covers the whole matter. The decision is directly in point and is decisive of the present appeal.

Affirmed.