ANNE M. PERRY v. R. J. SYKES, WILLIAM SCHOLTES and BLUE BIRD CAB, INCORPORATED.

(Filed 1 February, 1939.)

**1. Appeal and Error § 41—**

On appeal from judgment of the Superior Court entered upon appeal from the county court, only exceptions relating to matters which may recur upon a second trial and necessary to a determination of the correctness of the judgment of the Superior Court, will be considered, and the decision of the Supreme Court does not necessarily imply approval or disapproval of exceptions not considered.

**2. Carriers § 21a—**

Instruction as to the degree of care required of a carrier for the safety of passengers in accord with *Daniel v. R. R.*, 117 N. C., 592, *held* erroneous, the rule as given in *Hollingsworth v. Skelding*, 142 N. C., 246, approved.

**3. Negligence § 20—Instruction held for error as placing burden on defendant to show that its negligence was not proximate cause of injury.**

An instruction to the effect that if the jury found by the greater weight of the evidence that appealing defendant's evidence did not concur in producing the injury in suit, to answer the issue in defendant's favor, *is held* erroneous as susceptible to the construction that the burden was on defendant to show by the greater weight of the evidence that its negligence did not contribute as a proximate cause to the injury.

**4. Torts § 6—Defendant asking no affirmative relief against codefendant may not object to granting of codefendant's motion to nonsuit.**

When a defendant simply denies negligence on its part and alleges that the negligence of its codefendant was the sole proximate cause of the injury, and makes no demand for affirmative relief against its codefendant, such defendant is not in a position to complain of nonsuit granted upon motion of the codefendant, upon its contention that it was entitled to keep the codefendant in the case as a joint tort-feasor, from whom it would be entitled to contribution. C. S., 618.

**5. Carriers § 21b: Automobiles § 18g—**

Evidence of negligence of driver of taxicab, resulting in injury to passenger therein, *held* sufficient to be submitted to the jury.

APPEAL by plaintiff and defendants from *Olive, Special Judge,* at October Term, 1938, of FORSYTH. Affirmed.

The facts pertinent to a determination of these appeals may be stated as follows:

The plaintiff, with her mother, was riding in a cab of the defendant Blue Bird Cab, Incorporated, in the town of Winston-Salem, on the night of 1 July, 1938, going westward on West First Street. As the cab approached the intersection of that street with Marshall Street, a car driven by the defendant Scholtes approached traveling eastwardly on West First Street. At the same time a car driven by the defendant R. J. Sykes approached, going north on Marshall Street, and entered the intersection. The evidence is conflicting as to the order in which the cars came into the intersection and which car hit the other. The plaintiff testified that the Blue Bird Cab was going 38 to 40 miles an hour at the time it went into the intersection and that it had been traveling at a high rate of speed immediately before, to such an extent that she had been severely jolted and had to hang on to the strap. She testified that the Sykes car had entered the intersection before the cab and that the driver of the cab did not slow up, or turn away from the impending wreck into Marshall Street, which he might have done and thus have

avoided the crash, but, on the contrary, speeded up. The Sykes car hit the car driven by Scholtes about the middle of the intersection, driving it against the taxicab, and seriously injuring the plaintiff.

There is evidence tending to show that Sykes disregarded the safety or stop sign at the intersection, and drove into the same without keeping due outlook. The driver of the Blue Bird Cab testified that he did not attempt to turn into Marshall Street because he did not think that the crash, which he saw was imminent, would be so severe as to drive the Scholtes car into his own.

On the trial before Judge Efird in the county court, the plaintiff and the defendant Blue Bird Cab Company took numerous exceptions to the admission and exclusion of evidence to the judge's charge and to the orders during the proceeding.

At the conclusion of plaintiff's evidence, the trial judge allowed a motion for judgment of nonsuit as to the defendant Sykes, and the defendant Blue Bird Cab Company excepted.

There was judgment for the plaintiff, from which the defendant Blue Bird Cab Company appealed. On this appeal, the final hearing was had before Judge Olive at October Term, 1938, of Forsyth Superior Court, and a judgment was rendered which sustained the exceptions of the defendant in part, including the exception to the jury instruction above noted, overruled defendant's motion for nonsuit and its objection and exception to the order of the trial judge dismissing Sykes from the case by judgment of nonsuit, set aside the verdict for errors of law committed during the trial, and remanded the case to Forsyth County court for a hearing *de novo*. From this judgment both plaintiff and defendant appealed.

*Fred S. Hutchins and H. Bryce Parker for plaintiff.*
*Hastings & Booe and Peyton B. Abbott for defendant Blue Bird Cab Company, Inc.*

SEAWELL, J. Our present procedure by which two appeals on matters of law or legal inference may be made with respect to cases tried in the county court—first to the Superior Court and thence to the Supreme Court—complicates the business of final decision. If there were three such appeals this court would have much the same difficulty as was presented in Newton's problem to determine the behavior of three moving bodies under the influence of mutual gravitation.

It has been the practice of this Court to deal with the more important features of appeal cases on which the decisions may be grounded, without unnecessary attention to matters which may not recur upon a second trial. The court is intended to be a fountain of justice but not of

expository law.  On appeals of this kind we will not undertake to pass upon the exceptions in detail and the affirmation or reversal of the judgment of the Superior Court must not be understood as necessarily carrying approval or disapproval of rulings on exceptions not considered here on the final appeal.

### PLAINTIFF'S APPEAL.

Judge Olive, of the Superior Court, was correct in ordering a new trial in the county court.

The trial judge charged the jury:

"The court further instructs you that a common carrier is held to exercise the greatest practicable care, the highest degree of prudence, and the utmost human skill and foresight which has been demonstrated by experience to be practicable.  They are so held upon the grounds of public policy, reason, and safety to their patrons."

We think this enhances the duty required of the defendant beyond the measure recognized by well considered opinions of this Court as being sufficient in the transportation of passengers.

This instruction, practically identical with that in *Daniel v. R. R.,* 117 N. C., 592, 23 S. E., 327, is disapproved in *Hollingsworth v. Skelding,* 142 N. C., 246, 248, 55 S. E., 212.

The rule given in *Hollingsworth v. Skelding, supra,* is somewhat less exacting, and goes as far as the present development of the law of negligence seems to demand:

"We doubt if any better definition of the duty of a carrier owes the passenger can be found than that of *Lord Mansfield* in *Christie v. Griggs,* 2 Camp., 29: 'As far as human care and foresight could go, he must provide for their safe conveyance.' In commenting upon this case, Mr. Barrow says: 'It must not be supposed, however, that the law requires the carrier to exercise every device that the ingenuity of man can conceive.' Such an interpretation would act as an effectual bar to the business of transporting people for hire."

Again, the trial judge instructed the jury as follows:

"And the court further instructs you, gentlemen of the jury, if you should find from the evidence, and by its greater weight that any one of these other parties who were involved in this collision was negligent and should further find from the evidence and by its greater weight that that negligence, if you find there was such negligence, was a proximate cause of the collision, *and should further find from the evidence and by its greater weight that the negligence on the part of the defendant, if* you find that there was such negligence, *did not concur with the negligence of any one of these other parties,* the court instructs you under those conditions you would answer this issue 'No.'"

This is open to the objection that the jury may have construed it to mean that the burden was on the defendant to show by the greater weight of the evidence that its negligence did not contribute as a proximate cause to plaintiff's injury.

On plaintiff's appeal the judgment of Judge Olive in ordering a new trial is

Affirmed.

### DEFENDANT'S APPEAL.

There are two exceptions of the defendant Blue Bird Cab, Inc., which demand attention:

The first is to the judgment of nonsuit dismissing the defendant R. J. Sykes from the case at the close of plaintiff's testimony. Without considering its propriety in the abstract, we do not think the defendant, under its pleading, is in position to resist it.

The defendant does not contend that, ordinarily, a nonsuit cannot be had at the close of plaintiff's evidence, when it is insufficient to go to the jury. A defendant cannot be kept in the case in the mere capacity of a scapegoat, performing no other useful function. But the appealing defendant insists that it had the right to keep Sykes in the case as a joint tort-feasor, from whom it would be entitled to contribution under C. S., 618 (Michie's 1935 Code). The answer simply denies negligence on the part of the Blue Bird Cab Company, and alleges that the negligence of Sykes was the sole proximate cause of the injury. The answer makes no demand for affirmative relief, and is insufficient to support the exception. *Walker v. Loyall,* 210 N. C., 466, 187 S. E., 565; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

On this defendant's exception to the failure of the trial judge to sustain its motion for judgment of nonsuit in its own behalf, and to Judge Olive's judgment sustaining the trial court, we think there was evidence of negligence on the part of defendant, which was properly submitted to the jury.

On defendant's appeal, the judgment of the Superior Court is

Affirmed.