JOHNSON COTTON COMPANY OF CONWAY, INC., v. CARL J. FORD AND CONNIE M. FORD, TRADING AS FORD PRODUCE COMPANY; AND RICHARD BRIGMAN.

(Filed 15 January, 1954.)

**1. Evidence § 19—**

The driver of plaintiff's vehicle, which was following the truck owned by one of defendants, testified for plaintiff that the truck was being driven on its right side of the highway shortly before the collision, and the owner of the truck offered a written statement by the witness to the same effect.

*Held:* The other defendant is entitled to introduce the testimony of a declaration made by the witness shortly after the accident that "the truck ran the car off the road" in order to impeach the witness' testimony by showing the former inconsistent statement.

**2. Automobiles §§ 18b, 18h (2)—**

Evidence tending to show that the driver of the truck belonging to one defendant was driving to the left of the center line of the highway upon entering a bridge, forcing the other defendant, who was driving his car in the opposite direction and who had just cleared the bridge, to turn to his right and run off the pavement, causing him to lose control of his vehicle and hit plaintiff's car, which was following the truck, *is held* sufficient to be submitted to the jury on the issue of negligence, both in plaintiff's action and the cross action of the other defendant, even though the truck did not strike either vehicle.

APPEAL by defendants Ford from *McLean, Special Judge,* January Term, 1953, of ROBESON. No error.

This action grew out of a collision on the highway involving three motor vehicles.

The time was 1 May, 1950, 5:45 p.m., and the location was on Highway #301, about 14 miles south of Fayetteville. The highway at this point descends to the south by easy grade, curves slightly to the right and crosses Little Marsh Swamp. There are two bridges over this swamp, each about 50 feet long, with concrete sidewalls, and the distance between them was about 250 feet. The pavement of the highway is 20 feet wide and shoulders extend out on either side 6 feet. The width of the pavement on the bridges is the same as that of the highway.

On the occasion alleged the plaintiff's automobile, driven by its agent McLellan, was proceeding south. Also proceeding in the same direction, in front of plaintiff's automobile, was the tractor-trailer truck of the defendants Ford. As the truck approached the northernmost bridge, the defendant Brigman, driving a Plymouth automobile, was coming from the opposite direction going north. Brigman crossed the southernmost bridge and drove on across the northernmost bridge just before the truck reached it. After crossing the bridge, just ahead of the truck, Brigman drove to the right off the pavement onto the shoulder, nearly into the ditch, then righted his automobile but skidded into and collided with plaintiff's automobile which was in rear of the truck. As result both automobiles were damaged and defendant Brigman sustained a personal injury. Neither automobile came in contact with the truck of defendants Ford, and it proceeded on its way south.

Plaintiff Cotton Company sued both Ford and Brigman, alleging concurrent negligence on the part of each. It was alleged that Ford's truck had been driven to its left over the center of the highway in the path of Brigman's automobile; and that Brigman driving at high speed attempted

to turn to his right in passing the truck and, in consequence, lost control of his automobile, resulting in the collision complained of.

Defendants Ford denied any negligence on the part of the driver of their truck.

Defendant Brigman denied negligence on his part, and as an affirmative defense and cross action alleged that his injuries were due to the concurring negligence of both the plaintiff and the defendants Ford, in that plaintiff's driver followed so closely behind the truck he was unable to see the condition on the highway immediately in his front, thus contributing to the injury; and that Ford's truck was at the moment being driven at an unlawful speed, and to its left of the center of the highway, making it necessary for Brigman to turn to his right off the pavement to avoid being struck.

There was conflicting evidence as to the speed of the truck and as to whether it was being driven to the left of the center of the highway; and there was also conflicting evidence as to the speed of Brigman's automobile and as to whether he had increased his speed in order to cross the bridge before the truck and had lost control in attempting to turn to his right.

At the close of all the evidence the plaintiff Cotton Company submitted to a voluntary nonsuit as to Brigman, and Brigman took a nonsuit as to his cross action against the plaintiff.

The jury rendered verdict that both the damage to plaintiff's automobile, and the personal injury and property damage to defendant Brigman were caused by the negligence of the defendants Ford as alleged. Substantial damages were awarded. The defendants Ford excepted and appealed.

*W. A. Johnson and Varser, McIntyre & Henry for defendants Ford, appellants.*

*John S. Butler and F. D. Hackett for defendant Brigman, appellee.*

DEVIN, C. J. The determinative question of fact upon which the case turned was whether the driver of the truck of defendants Ford as he approached the bridge on the highway, and just as defendant Brigman was emerging therefrom, drove the truck to the left of the center of the highway so as to make it necessary for Brigman to turn to his right and drive off the pavement to avoid being struck by the truck.

While the truck did not come in contact with either of the automobiles which collided, it was the contention of the plaintiff and the defendant Brigman that the driver of the truck was negligent in driving to the left of the center of the highway in meeting an automobile coming from the opposite direction, and that his negligence in this respect was the real

efficient cause of the injuries sustained. The jury adopted this view and returned verdict against the defendants Ford on the issues submitted. From the judgment rendered thereon the defendants Ford have appealed assigning numerous errors in the rulings of the trial judge.

The appellants excepted to the court's admission of certain testimony from Sheriff McMillan, who was offered as a witness by defendant Brigman. This witness testified that he reached the scene shortly after the collision occurred, and that he heard McLellan (the driver of the plaintiff's automobile) make the statement that "the truck ran the car off the road." It was argued that this statement was incompetent, hearsay and prejudicial. · It appeared, however, that McLellan had testified, as a witness for the plaintiff, that he had traveled behind the truck for two miles before the collision, and noticed it was being driven on its right side of the highway in a normal way at about 45 miles per hour; that on the down-grade as it approached the bridge the truck driver increased its speed; that "after he went down the hill and turned the curve, I don't know how he was driving then."

After the plaintiff rested, the defendants Ford, with other testimony, offered a written statement by McLellan to the effect that he drove plaintiff's automobile about 75 yards in the rear of the truck, and that near the bottom of the grade, just before beginning the curve to the right, as the truck was about to go onto the bridge, it slowed up a bit. "As the truck was going onto the bridge I saw a Plymouth car coming toward me on the east shoulder of the highway. He was off on the shoulder when I first saw it about 75 yards in front of me and he looked to me to be gradually going off the fill. . . . I saw the truck approaching the bridge and noticed the truck stayed on the right side as he approached the bridge, although I'm not sure of the position of the truck when he entered on the bridge."

Thereafter the defendant Brigman offered the testimony of Sheriff McMillan that he heard McLellan say "the truck ran the car off the road," to which the defendants Ford objected. The court overruled the objection and admitted this testimony, not against the defendants Ford, but only for the purpose of contradicting the witness McLellan. The defendants Ford excepted on the ground that this statement was incompetent for any purpose.

The objection to this evidence cannot be sustained. *S. v. Britt,* 225 N.C. 364, 34 S.E. 2d 408; *Hubbard v. R. R.,* 203 N.C. 675, 166 S.E. 802; Stansbury, secs. 46-47. It was competent for defendant Brigman to offer for the purpose of contradicting the testimony of McLellan that he had previously made a statement inconsistent with his testimony as offered by plaintiff and by the defendants Ford.

We have examined the other exceptions to the court's ruling in the admission and exclusion of testimony and find them without substantial merit.    The motion of defendants Ford for judgment of nonsuit was properly overruled.    *Wallace v. Longest,* 226 N.C. 161, 37 S.E. 2d 112; *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345.

The appellants noted numerous exceptions to the court's instructions to the jury.   In their brief they say "The court's charge, by the foregoing exceptions, is challenged throughout, except as to a few formal statements which did not affect the parties one way or the other."   We have examined the court's charge to the jury in the light of these exceptions and are unable to perceive any material error therein which would justify the award of a new trial.

The jury's verdict on the evidence offered and the judgment thereon will not be disturbed.

No error.