NORMA POTTER v. FROSTY MORN MEATS, INC., LUTHER COBB, J. L. GOLDMAN, AND ELBERT POTTER.

(Filed 13 April, 1955.)

**1. Torts § 6—**

The right of one defendant sued in tort to maintain a cross action against another for the purpose of contribution in the event plaintiff should recover, is purely statutory and may be enforced only in accord with the provisions of the statute, G.S. 1-240.

**2. Same—**

In order to be entitled to have another joined as additional defendant for the purpose of contribution, the original defendant must allege facts tending to show liability of himself and such additional party as joint tort-feasors predicated upon negligence of each concurring in proximately producing the injury, and the right to contribution may not be predicated upon allegations showing that the negligence of such additional party was the sole cause of the injury, or that the accident resulted from the negligence of an outside agency or responsible third person, or which invoke the doctrine of primary and secondary liability.

**3. Automobiles §§ 8d, 18d—**

Where a truck has been stopped on the highway for an appreciable length of time, the fact that the driver of the vehicle failed to give signal of his intention to stop cannot be a proximate cause of a rear-end collision.

**4. Automobiles § 18a—Allegations held insufficient to show that stopping of truck on highway was proximate cause of rear-end collision.**

Plaintiff, a guest in an automobile, sued the driver for injuries received when the car ran into the rear of a truck which was stopped on the highway. The driver of the car filed a cross action against the owner and the driver of the truck for contribution, alleging facts to the effect that an automobile had been left standing on the paved portion of a much traveled, two-lane highway, that the driver of the truck, traveling in the same direction, stopped behind the car without giving any signal of his intention to do so, and that the truck had been driven carelessly and at an unlawful speed. It was not alleged how long the truck had been stopped on the highway before the driver of the car struck its rear, but from all the facts alleged, the truck apparently had been stationary for an appreciable period of time. *Held:* The failure of the truck driver to give signal of his intention to stop and the fact that the truck was alleged to have been driven carelessly and at an unlawful rate of speed, may be disregarded as being without causal significance, and therefore demurrer to the cross-complaint should have been sustained for its failure to allege concurring negligence on the part of the truck driver constituting a proximate cause of the accident in suit. ·

**5. Negligence § 7—**

If the original negligent omission of a party becomes injurious only in consequence of the intervention of some wrongful act or omission on the part of another, the injury is to be imputed to the last cause rather than the first.

**6. Torts § 6—**

The cross-complaint in this action *is held* insufficient to allege facts tending to show that the negligence of the other defendants concurred in proximately causing the injury in suit, and therefore, the demurrer of such defendants to the cross-action was properly sustained.

Barnhill, C. J., took no part in the consideration or decision of this case.

Appeal by defendant Elbert Potter from *Williams, J.,* September Term 1954 of Lenoir.

Civil action to recover damages for personal injury resulting from collision of motor vehicles, alleged to have been caused by the negligence of the defendants.

On 21 April, 1951, the plaintiff was a passenger in an automobile being driven by defendant Elbert Potter westwardly toward Raleigh on Highway No. 70. In passing through the village of Auburn, the automobile in which she was riding collided with the rear of a truck belonging to the defendant Frosty Morn Meats, Inc., and being operated by its employee, the defendant Luther Cobb. The truck of the corporate defendant was at the time stopped on the highway. It was alleged that the stopping of the corporate defendant's truck was due to the fact that defendant J. L. Goldman had previously left his automobile standing or parked in the north lane of the paved highway at this point, and the

truck had stopped behind it.  Here there was a right curve in the high-
way, and the view around the curve was somewhat obstructed by
shrubbery.

The plaintiff was unable to obtain service of process on defendant
Goldman.

The defendant Frosty Morn Meats, Inc., and defendant Cobb de-
murred to the complaint, and their demurrer was sustained, and they
were dismissed from the action.  The plaintiff did not amend or appeal.
This left only the defendant Elbert Potter to answer plaintiff's com-
plaint.

However, the presiding judge, Judge Frizzelle, by way of modification
or amendment to the judgment sustaining the demurrer, entered subse-
quent order retaining the defendants Frosty Morn Meats, Inc., and
Luther Cobb in the action to enable the defendant Elbert Potter to file
amended answer to the complaint and cross action against them for
contribution.

Thereafter, defendant Elbert Potter filed his cross complaint against
the defendants Frosty Morn Meats, Inc., and Luther Cobb, alleging
that the plaintiff's injury was proximately caused by the negligence of
these defendants in that they suddenly stopped their truck on the high-
way without signal, and operated the truck on the highway in careless
and reckless manner.  It was further alleged if defendant Potter was in
in any respect negligent, his negligence was passive and that of these
defendants positive; that they were the principal delinquents, and that
"if it should be held that the negligence of the defendants did not concur
in causing said accident, the active and positive negligence of Luther
Cobb, employee and agent of his co-defendant Frosty Morn Meats, Inc.,
as hereinbefore alleged, intervened, insulated and rendered inoperative
the alleged negligence of this answering defendant, and was the direct
and proximate cause, or one of the proximate causes of said collision
and of the damages and injuries complained of by the plaintiff."

"That if this answering defendant was negligent in the operation of
his said automobile, which is denied, the negligence of the defendants
J. L. Goldman, Frosty Morn Meats, Inc., and Luther Cobb concurred
with this defendant's alleged negligence in causing said collision and in
producing the injuries alleged by plaintiff."

The defendants Frosty Morn Meats, Inc., and Luther Cobb demurred
to the cross complaint on the ground that it did not state facts sufficient
to impose liability on them for contribution, and that it appeared from
the face of the cross complaint that the injury to the plaintiff was proxi-
mately caused by the negligence of defendant Elbert Potter, and that
his negligence intervened, insulated and rendered inoperative the
alleged negligence of the demurring defendants.

The demurrer was sustained, and the defendant Elbert Potter excepted and appealed.

*Whitaker & Jeffress for defendant, appellant.*
*White & Aycock for defendant, appellees.*

DEVIN, J. We note that the record on appeal in this case contains the stipulation that "the only question presented in this appeal is the sufficiency of the defendant appellant Elbert Potter's alleged cross-action, as contained in his answer." Hence we will confine our consideration to the facts alleged in defendant Elbert Potter's cross complaint as the basis for subjecting the appellees to contingent liability for contribution as joint tort-feasors.

The right of one defendant sued in tort to maintain a cross action against another to determine his contingent liability for contribution in the event of recovery by the plaintiff is conferred by statute, G.S. 1-240, and recognized in numerous decisions of this Court. *White v. Keller, post,* p. 97; *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736; *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566. The right is purely statutory. Its enforcement must accord with the provisions of section 1-240 of the General Statutes. *Hayes v. Wilmington,* 239 N.C. 238, 79 S.E. 2d 792. The purpose of the statute is to permit litigation of contingent liabilities before they have accrued. *Evans v. Johnson, supra.* "It creates a new right, provides an exclusive remedy, and substantial compliance with its terms is necessary to make it available." *Hoft v. Mohn,* 215 N.C. 397, 2 S.E. 2d 23.

In order to maintain a cross action against another for contribution under this statute, the original defendant must allege facts sufficient to show that both of them are liable to the plaintiff as joint tort-feasors. *Hayes v. Wilmington, supra.* It will not be sufficient for this purpose if the facts alleged merely make it appear that the injurious acts of which the plaintiff complains were those of "an outside agency or responsible third person," as defined in *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108, or are sufficient only to invoke the application of the doctrine of primary and secondary liability. *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768. The right permitted to be enforced under this section is one of contribution and not one of subrogation. *Tarkington v. Printing Co., supra.* Allegations in the cross complaint alleging negligence of another defendant as the sole proximate cause of the injury are demurrable. *Walker v. Loyall,* 210 N.C. 466, 187 S.E. 565; *Perry v. Sykes,* 215 N.C. 39, 200 S.E. 923. The

cross complaint must allege facts which, if proven, would render the alleged joint tort-feasor liable to him for contribution in the event the plaintiff recovers. *Bost v. Metcalfe, supra.* It must allege facts tending to show negligence on the part of the alleged joint tort-feasor proximately contributing to the injury.

"It is the joint tort and common liability to suit which gives rise to the right to enforce contribution under the statute." *Tarkington v. Printing Co., supra.*

"To constitute two or more persons joint tort-feasors the negligent or wrongful act of the one must be so united in time and circumstance with the negligent or tortious act of the other that the two acts in fact constitute but one transaction." *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295.

In the case at bar the pleadings tend to show that on a curve in a much traveled two-lane highway, in the village of Auburn, the defendant Goldman had left his automobile standing on the paved portion of the highway. The front of Goldman's automobile was toward the west. In that situation the truck of defendant Frosty Morn Meats, Inc., driven by defendant Cobb, moving west, drove up behind the Goldman automobile and stopped without any signal being given of intention so to do. Thereafter the defendant Elbert Potter, also traveling west, drove his automobile into the rear of the truck of the corporate defendant, causing injury to plaintiff Norma Potter who was a passenger in defendant Potter's automobile. It was alleged in the complaint that defendant Potter was negligent in failing to keep proper lookout and driving at unsafe distance back of the truck. It was also alleged by the defendant Potter that the truck of defendant Frosty Morn Meats, Inc., had been driven carelessly and at unlawful speed. But these last allegations may be disregarded as the truck was standing still at the time of the collision. We observe that appellant's cross complaint is lacking in definite statement as to what occurred on this occasion, and deals more in general expressions.

It is not alleged how long the truck had been stopped on the highway before the defendant Potter's automobile struck it, but apparently for an appreciable space of time. We note that the court previously, on substantially similar allegations, had sustained the demurrer of these defendants to the complaint of the plaintiff, who was a passenger in defendant Potter's automobile, and had dismissed them from plaintiff's action. It would seem to follow that any negligence on the part of the driver of the truck in failing to give a signal of his intentions to stop as required by the statute had ceased to operate, and that it was the active negligence of defendant Potter in failing to observe the truck and avoid the collision which proximately caused the plaintiff's injury. The

principle is recognized in *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808, that if the original negligent omission only becomes injurious in consequence of the intervention of some distinct wrongful act or omission on the part of another, the injury is to be imputed to the last wrong as the proximate cause rather than the first.

The facts in this case in some respects appear similar to those in *McLaney v. Motor Freight,* 236 N.C. 714, 74 S.E. 2d 36. In that case the complaint alleged that the plaintiff was a passenger in an automobile driven by one of the defendants; that this automobile collided with the rear of the truck and trailer of defendant Motor Freight, Inc., which had stopped on the highway. It was alleged that the driver of the truck had failed to give signal of his intention to slow down or stop. The demurrer of Motor Freight, Inc., was, on appeal, sustained by this Court in an opinion by *Winborne, J.,* in which *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326, was cited as an authority.

The same principle was applied in *Hollifield v. Everhart,* 237 N.C. 313, 74 S.E. 2d 706, where, on similar facts alleged, the demurrer was sustained.

Also in the recent case of *Loving v. Whitton,* 241 N.C. 273, a similar result was reached. There it was alleged that Whitton drove his automobile from a side street into an arterial highway without stopping at the stop sign, and was struck by Gibson's automobile coming from his right. It was alleged that Gibson was driving at excessive speed and without sounding warning. The demurrer of Gibson was sustained. In the opinion written for the Court by *Barnhill, C. J.,* it was said:

". . . the conduct of Gibson may not be held to constitute one of the proximate causes of the collision. The conduct of Whitton made the collision inevitable, insulated any prior negligence of Gibson, and constitutes the sole proximate cause of the collision."

In the case of *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111, the plaintiff sued both the driver of the automobile in which she was riding and the driver of another automobile with which her automobile collided. It was held the negligence of plaintiff's driver in driving into the highway insulated that of the driver of the second automobile though he was driving at excessive speed, under the rule enunciated in *Butner v. Spease, supra.*

Likewise the same principle is illustrated in *Smith v. Grubb,* 238 N.C. 665, 78 S.E. 2d 598. In this case the plaintiff sued both Grubb and Delma Smith, alleging that Grubb's automobile was stopped on the pavement of the highway and that plaintiff, in a pick-up truck, drove up and stopped behind the Grubb automobile. In this position plaintiff's truck was struck from the rear by the automobile of Delma Smith. The impact forced plaintiff's truck into the left lane of the highway

where it was struck by an automobile being driven in the opposite direction, and plaintiff was injured. It was held that Grubb's demurrer *ore tenus* should have been sustained. The principles to which this Court gave expression in *Balcum v. Johnson,* 177 N.C. 213, 98 S.E. 532; *Hinnant v. R. R.,* 202 N.C. 489, 163 S.E. 555; *Butner v. Spease, supra,* were applied.

We reach the conclusion that the facts alleged in defendant Potter's cross complaint, upon which he seeks to hold the defendants Frosty Morn Meats, Inc., and Luther Cobb in the case in order to determine their contingent liability to him as joint tort-feasors under the statute, are insufficient for that purpose, and that the judgment sustaining the demurrer should be upheld.

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.