HERMAN ALLEN CARTRETTE, PLAINTIFF v. MRS. ELSIE JEAN CANADY AND JOHNNIE A. CANADY, DEFENDANTS AND MATTHEW JOHNSON, ADDITIONAL DEFENDANT.

(Filed 14 June 1963.)

**1. Automobiles § 41c—**

Conflicting evidence as to whether defendant's car was over the centerline of the highway when it collided with plantiff's car, which was approaching from the opposite direction, takes the issue of negligence to the jury.

**2. Torts § 4; Trial § 21—**

Where the original defendant has an additional defendant joined on his cross action for contribution, the plaintiff alleging no cause of action against such additional defendant, the burden is upon the original defendant to establish by the greater weight of the evidence that the additional defendant was negligent and that such negligence concurred as a proximate cause of plaintiff's injury, and plaintiff's evidence against the original defendant which is contradictory to that of the original defendant cannot be used by the original defendant to supply deficiencies in his proof against the additional defendant.

**3. Automobiles § 43— Evidence held to show that negligence of additional defendant had spent itself prior to accident.**

Evidence tending to show that the original defendant was forced to drive her car off on the shoulder of the road to the right by the negligent operation of the additional defendant's car, which approached from the opposite direction, followed by plaintiff's car, but that before the collision with plaintiff's car the original defendant had gotten back on the road and had regained her position on the right side of the highway, *is held* insufficient to be submitted to the jury on the issue of the additional defendant's negligence, since the evidence discloses that at the time of the accident the additional defendant's negligence had spent itself and had become a mere circumstance of the accident and not a proximate cause thereof.

APPEAL by original defendants, Mrs. Elsie Jean Canady and Johnnie A. Canady, from *Hall, J.,* January Civil Term 1963 of COLUMBUS.

This is a civil action in which the plaintiff alleges that he sustained personal injuries and property damages in a motor vehicle collision on 22 January 1961 as the result of the negligence of original defendant Mrs. Elsie Jean Canady.

The evidence tends to show that original defendant Mrs. Elsie Jean Canady was operating an automobile, registered in the name of her husband, Johnnie A. Canady, southwardly on the White Marsh-Red Hill Road. Mrs. Canady had been driving at a speed of 45 to 50 miles per hour before she reached a sharp curve in the road which bore to her left. She testified that she had reduced her speed to 25 to 30 miles an

hour immediately prior to entering the curve. At the time she saw the car of the additional defendant approaching from the south, she testified, the Johnson car was in the center of the road. "I jerked my car over to the right on the shoulders of the road to keep from hitting him, and there was no collision between my car and his. * * * I went off the shoulder of the road and stayed on the shoulder * * *. The Johnson car was traveling about 65 or 70 miles an hour. After the Johnson car passed me * * * I jerked my car back on the road trying to get back upon the road. I did get back upon the road. When I got back upon the road, then I jerked back in, getting back completely over on my side of the road, so I could straighten up and continued.

"A collision occurred between my car and Herman Cartrette's car. I know what the position of my automobile was on the road at the time of the impact, and I was on my side of the road. The Cartrette car collided with my fender, my left fender — of the door."

This witness gave as her reason for jerking her car back on the road was to avoid running into a sycamore tree which she testified was only four or five feet from the pavement. Two of the original defendants' witnesses, however, testified the sycamore tree was approximately ten feet from the pavement; that there is room to drive a car between the tree and the paved portion of the road. The evidence tends to show that Mrs. Canady traveled about 65 feet after the Johnson car passed her before the impact with the Cartrette car.

On cross-examination Mrs. Canady testified: "I did not ever see the Cartrett car until the collision. * * * I did not know I was meeting the Cartrette car. At the impact, I saw it * * *. I saw it and heard it just about the same time. * * * I was able to pass Johnson's car without contact by pulling fast over to the side; as I did I lost control of the car getting back. After I dropped off on the shoulder, if I turned the wheel, the car would turn with it. If I turned the wheel the other way, the car would go in that direction. To that extent at least, I did have control of it. It went where I aimed it. * * * At no time after I dropped off on the shoulder of the road was it impossible for me to control the movement of the automobile."

The plaintiff's evidence tends to show that at the time of impact the Cartrette car was in its right lane of traffic and that the Canady car skidded across the center line into plaintiff's lane of traffic. Plaintiff's evidence further tends to show that the Canady car was being operated at approximately 65 miles per hour at the time of the collision.

At the close of the evidence of the original defendants the additional defendant moved for judgment as of nonsuit and the motion was allowed. The original defendants excepted.

The original defendants moved for judgment as of nonsuit at the close of plaintiff's evidence and renewed their motion at the close of all the evidence. The motion was denied.

It was stipulated that in the event the defendant Mrs. Elsie Jean Canady was negligent that such negligence would be imputed to the defendant Johnnie A. Canady under the family purpose doctrine, and that it was not necessary to submit an agency issue to the jury.

The jury answered the issues of negligence and damages against the original defendants, and judgment was entered on the verdict.

The original defendants appeal, assigning error.

*Edward L. Williamson for original defendants.*
*Poisson, Marshall, Barnhill & Williams for additional defendant.*
*Powell, Lee & Lee for plaintiff.*

DENNY, C. J.   The appellants assign as error the failure of the court below to sustain their motion for judgment as of nonsuit made at the close of plaintiff's evidence and renewed at the close of all the evidence.

A careful review of all the evidence disclosed by the record leads us to the conclusion that it was sufficient to carry the case to the jury against the appellants. This assignment of error is overruled.

The appellants also assign as error the ruling of the court below in allowing the additional defendant's motion for judgment as of nonsuit at the close of the original defendants' evidence.

The appellants argue and contend that the evidence of the plaintiff is to be considered in the light most favorable to the original defendants and that such evidence indicated that the automobile operated by Mrs. Canady, one of the original defendants, was in a skid when it was first observed by the plaintiff. It is further contended that this evidence, when considered together with Mrs. Canady's evidence, corroborates her evidence as why her automobile skidded down the road at the time of the impact and thus created an inference of concurrent negligence as between her and additional defendant sufficiently to entitle the original defendants to have their action for contribution against the additional defendant submitted to the jury.

In the first place, the plaintiff alleged no cause of action against the defendant Johnson and sought no recovery against him. Therefore, the burden was upon the original defendants, on their cross action, to establish by the greater weight of the evidence that the additional defendant was negligent and that such negligence concurred with their own negligence, if any, which joint and concurrent negligence was a

proximate cause of the injuries and damages sustained by the plaintiff. *Pascal v. Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534; *Potter v. Frosty Morn Meats, Inc.*, 242 N.C. 67, 86 S.E. 2d 780. This is the reason why an additional defendant should not move for a judgment as of nonsuit in such an action as this until the original defendant or defendants, who had him made an additional party defendant, have presented their evidence against the additional defendant on the cross action for contribution. *Norris v. Johnson*, 246 N.C. 179, 97 S.E. 2d 773.

The original defendants seek to rely upon testimony which was not offered by them and which was directly contradictory to Mrs. Canady's own testimony. The original defendants did allege in their answer, that "Mrs. Elsie Jean Canady pulled her automobile off the road on the right shoulder in order to avert a head-on collision, and the shoulder of said road being rough and uneven caused the automobile of defendants to go into a skid and the said automobile came back on the road resulting in a collision between plaintiff's and defendant's automobiles." In her testimony, however, she categorically and unequivocally denied that her car ever skidded or that she ever completely lost control of her car.

, We think the evidence of the additional defendant failed to show a causal connection between the negligence of Johnson and the negligence of the defendant Mrs. Canady which was the proximate cause of plaintiff's injuries. When the driver of the Canady car, who testified that she had it under control, pulled back on the highway and across the center line of the highway and never looked to ascertain the approach of the Cartrette car, the negligence of Johnson had spent itself, and the court below did not commit error in sustaining the additional defendant's motion for judgment as of nonsuit.

When Mrs. Canady became aware of the existence of the potential danger created by the negligence of Johnson, and thereafter by an independent act of negligence brought about an accident, the first tort feasor (Johnson) was relieved of liability because the condition created by him was merely a circumstance of the accident and not its proximate cause. *Caulder v. Gresham*, 224 N.C. 402, 30 S.E. 2d 312. See also *Potter v. Frosty Morn Meats, Inc.*, *supra*; *Smith v. Grubb*, 238 N.C. 665, 78 S.E. 2d 598; *Beach v. Patton*, 208 N.C. 134, 179 S.E. 446; and *Beatty v. Dunn*, 103 Vt. 340, 154 A. 770.

The facts in the instant case are not controlled by our decisions in *Bondurant v. Mastin*, 252 N.C. 190, 113 S.E. 2d 292; *Cotton Co. v. Ford*, 239 N.C. 292, 79 S.E. 2d 389, and similar cases

The judgment of the court below is

Affirmed.