BERNIE H. PENCE v. FRANCES C. PENCE

No. 7020DC238

(Filed 24 June 1970)

**1. Divorce and Alimony § 1—   absolute divorce — transfer from superior to district court**

Superior court had authority to transfer to the district court an action for absolute divorce which had twice ended in mistrial in the superior court; the district court had jurisdiction to try the action. G.S. 7A-244, G.S. 7A-259.

**2. Divorce and Alimony § 2—   absolute divorce — voir dire examination of jurors — proper questioning**

In an action for absolute divorce based on one year's separation, trial court did not abuse its discretion in excluding, upon plaintiff's objection,

the following question asked by defendant to prospective jurors on *voir dire:* "Would you grant a divorce to the plaintiff solely on the evidence that he had been separated one year prior to the filing of this suit?"

**3. Jury § 6— voir dire questioning of jurors — discretion of court**

The trial court has broad discretion in the *voir dire* questioning of jurors.

**4. Witnesses § 8— leading questions**

Permitting leading questions is within the discretion of the trial court and will not be disturbed on appeal absent an abuse thereof.

**5. Trial § 10— introduction on voluminous exhibit — remark by trial court**

Trial court's remark in a divorce action that the jury did not have to read all of a 149-page medical records exhibit introduced by the wife was not an expression of opinion and did not prejudice the wife.

**6. Divorce and Alimony § 2— husband's action for absolute divorce — submission of issues**

Defendant wife in absolute divorce action was not prejudiced by trial court's refusal to submit issues to the jury relating to the constructive abandonment of her by the husband, where the trial court submitted an issue of wilful abandonment which the jury answered in the negative.

**7. Trial § 11— argument to jury**

Attorneys have wide latitude in arguing their case to the jury.

**8. Appeal and Error § 31— broadside exception to the charge**

An assignment of error that the court erred in the charge by not relating the law to the evidence and by giving unequal stress to the contentions of the parties, with no reference being made to the objectionable portions in the record, is broadside.

**9. Divorce and Alimony § 18— counsel fees**

Defendant wife in absolute divorce action failed to show that trial court abused its discretion in awarding her only $500 counsel fees.

**10. Appeal and Error § 45— the brief — abandonment of exceptions**

Assignment of error not brought forward in defendant's brief is deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

APPEAL by defendant from *Webb, District Judge,* 13 October 1969 Session of RICHMOND County District Court.

Plaintiff instituted this action for an absolute divorce based on one year's separation. The defendant wife answered denying a legal separation, alleging defenses of constructive abandonment and nonsupport and praying that plaintiff be denied an absolute divorce and that she be awarded counsel fees and "defense money". The case was brought to trial twice in the Richmond County Superior

Court, both times ending in a mistrial. On 21 February 1969, the case was transferred, over defendant's objection, to the District Court of Richmond County, where the jury answered the issues in favor of plaintiff. Plaintiff was granted an absolute divorce in accordance with the jury verdict, and defendant appealed.

*Webb, Lee, Davis and Sharpe by Joseph G. Davis, Jr., for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

Morris, J.

**[1]** Defendant's first assignment of error is concerned with the transfer of the case to the District Court, defendant contending that in view of the history of the case, this was error. Defendant cites no authority for this position and has shown no prejudice to her position by the transfer. It is clear that under G.S. 7A-244, the district court has jurisdiction of this type case and that G.S. 7A-259 gives the superior court authority to transfer such cases, on its own motion, to the district court. This assignment of error is overruled.

**[2, 3]** By assignment of error No. 2 defendant contends that the court erred in sustaining plaintiff's objection to the following question by defendant's counsel on *voir dire:* "Would you grant a divorce to the plaintiff solely on the evidence of the fact he had been separated one year prior to the filing of this suit?" Defendant cites no authority for this position, contending only that a one-year separation as a prerequisite for a divorce is so well entrenched in the minds of laymen in general that if the separation for one year be proved, the jury will grant a divorce as a matter of course. We do not agree. The trial court has broad discretion in the *voir dire* questioning of jurors. *Karpf v. Adams*, 237 N.C. 106, 74 S.E. 2d 325 (1953). See also 99 A.L.R. 2d 1, §§ 4 and 8. Defendant has shown no abuse of discretion, and this assignment of error is overruled.

**[4]** Defendant contends, by assignment of error Nos. 3 and 4, that the court erred in permitting plaintiff to be asked a leading question, the answer to which was nonresponsive and a conclusion. She also contends it was error to refuse to permit one of her witnesses to answer a question for purposes of corroboration. Defendant cites no authority for these positions. Permitting leading questions is within the discretion of the trial court and will not be disturbed on appeal absent an abuse thereof. *McKay v. Bullard*, 219 N.C. 589, 14 S.E. 2d 657 (1941). From the record, it appears that defendant

objected only to the question, giving no grounds for the objection and making no motion to strike the answer. This contention is without merit and is overruled. The evidence defendant attempted to elicit from her witness in response to her counsel's question, to which objection was sustained, was not corroborative of any testimony appearing in the record, was hearsay, and was properly excluded.

[5]    By assignment of error No. 5 defendant contends that the court erred by expressing an opinion when allowing the introduction into evidence of one of defendant's exhibits. The exhibit in question consisted of 149 pages of medical records, portions of which were objected to by plaintiff as being irrelevant on the grounds that they referred to a prior accident. Plaintiff excepted to their introduction into evidence for the purpose of corroborating defendant's contentions about her medical treatment. Defendant objected to the following statement by the court: "Members of the Jury, that's a voluminous record of the hospital bills there, and unless you particularly want to, it's not necessary that you read them. However, you are certainly free to look at anything in the file, but I want to instruct you, you don't have to read everything in there." In holding that the trial judge did not express an opinion in a case the Court in *State v. Jones*, 67 N.C. 285 (1872), stated:

> "In such a case it will not be sufficient to show that he did or said what *might* have had an unfair influence, or that his words, when critically examined and detached from the context and from the incidents of the trial, are capable of an interpretation from which his opinion on the weight of the testimony may be inferred; but it must appear with ordinary certainty that his manner of arraying and presenting the testimony was unfair, and likely to be prejudicial to the defendant, or that his language, when fairly interpreted, in connection with so much of the context as is set out in the record, was likely to convey to the jury his opinion of the weight of the testimony."

We think this language is appropriate here. Defendant contends the statement intimated that her evidence was worthless and amounted to an instruction that the jury should disregard this part of her evidence. We do not agree. Defendant's counsel admitted that he did not expect the jury to read everything in the exhibit. We are of the opinion that the judge was merely trying to relieve any doubts on the part of the jury as to whether they were required to read every word of the exhibit, since he had already informed them it

was being admitted only for corroborative purposes. This assignment of error is overruled.

[6] Assignment of error No. 7 is related to the submission of issues to the jury. The court submitted four issues to the jury, number four relating to whether plaintiff had willfully abandoned defendant. The jury found that he had not. Defendant contends it was error for the court to refuse to submit two additional issues proposed by her, both of which concerned the alleged treatment of defendant by plaintiff and both of which would have weighed on the issue of constructive abandonment. Defendant cites no authority for this position nor does her answer allege any facts which would require the submission of the issues. The court in the charge adequately instructed the jury with respect to constructive abandonment. The jury by its verdict rejected defendant's contentions. This assignment of error is overruled.

[7] Defendant contends by assignment of error No. 8 that she was prejudiced by opposing counsel's argument and reference to matters outside the record concerning another case between the same parties. Attorneys have wide latitude in arguing their case to the jury. *Cuthrell v. Greene,* 229 N.C. 479, 50 S.E. 2d 525 (1948). Plaintiff's counsel did appear to go outside the record in his argument in telling the jury that defendant's counsel had also represented defendant in another pending action. Even if error be conceded, we do not deem it to be prejudicial. There was evidence from the defendant that both plaintiff's counsel and a deputy sheriff had testified in a criminal action against the plaintiff for nonsupport. Defendant also testified that she was plaintiff in a pending civil action for support. During argument of plaintiff's counsel the court instructed the jury that it should take the law from the court and not from the attorneys. The court in its charge further instructed the jury that they would take the evidence as it came from the witnesses and not from the attorneys. This assignment of error is overruled.

[8] Assignment of error No. 9 urges that the court erred in the charge by not relating the law to the evidence and by giving unequal stress to the contentions of the parties. This is a broadside exception, no reference being made to the objectionable portions in the record, and is overruled. *Lewis v. Parker,* 268 N.C. 436, 150 S.E. 2d 729 (1966).

[9] By assignment of error No. 10 defendant objects to the court's action in awarding only $500 counsel fees, suggesting an abuse of discretion. However, defendant has shown no abuse of discretion,

and this assignment of error is overruled. *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899 (1949).

**[10]** Assignment of error No. 6 was not brought forward in defendant's brief and is deemed abandoned under Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

For the reasons stated herein the judgment is

Affirmed.

MALLARD, C.J., and GRAHAM, J., concur.