STATE OF NORTH CAROLINA v. BONNIE LEE DAYE

No. 7114SC690

(Filed 12 January 1972)

1. Criminal Law § 128— motion for mistrial — discretion of court

    A motion for a mistrial is addressed to the discretion of the trial judge, and the ruling thereon is not reviewable on appeal in the absence of a showing of an abuse of discretion.

2. Constitutional Law § 31— identification of informer

    Police officer in a possession of heroin prosecution was not required to disclose the identity of a confidential informer.

APPEAL by defendant from *Hobgood, Judge,* 12 April 1971 Session of Superior Court held in DURHAM County.

Defendant was convicted on bills of indictment charging felonious possession and sale of heroin. From the judgments entered the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Thomas W. Earnhardt for the State.*

*A. H. Borland and Ronald H. Ruis for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first assignment of error is that the court erred in failing to grant his motion for mistrial due to the prejudicial responses of a State's witness and improper ques-

tioning by the solicitor. "As a general rule, a motion for a mistrial is addressed to the discretion of the trial judge, and the ruling thereon is not reviewable on appeal in the absence of a showing of an abuse of discretion." *State v. Williams*, 7 N.C. App. 51, 171 S.E. 2d 39. The record before us discloses no abuse of discretion. It suffices to say that, in almost every instance, the able trial judge ruled with the defendant when defendant elected to enter timely objections to the solicitor's questions or moved to strike the responses now alleged to constitute prejudicial error.

[2] Defendant finally contends that the court erred in failing to require the police officer who purchased the heroin from defendant to disclose the identity of a confidential informer. At trial defendant did not contend, and there is nothing in this record to show, that the identity of the informer would be relevant or helpful to the defense. This assignment of error is overruled. *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53. In the trial from which defendant appealed we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.