STATE OF NORTH CAROLINA v. WILLIAM FRED CAMERON

No. 7214SC771

(Filed 29 December 1972)

1. **Indictment and Warrant § 13— bill of particulars properly denied**

The trial court did not abuse its discretion in denying defendant's motions for a bill of particulars where all of the information sought by defendant was included in the bills of indictment charging defendant with possession and sale of heroin.

2. **Criminal Law § 91— special grand jury — additional bills of indictment — newspaper coverage — no prejudice — continuance denied**

The trial court did not abuse its discretion in denying defendant's motion for continuance where, on the same day that his trial for possession and sale of heroin began, the solicitor called a special grand jury which returned an additional bill charging defendant with "continuing criminal enterprise under the Controlled Substances Act," and where $200,000 bond was set in the courtroom before some of the prospective jurors, and where the grand jury's return of the bill and the setting of bond were reported the same day on the front page of the afternoon paper.

---

State v. Cameron

---

**3. Jury § 6— competency of jurors — discretion of trial court**

The trial court did not abuse its discretion in disallowing defense counsel's question put to a prospective juror, instructing counsel that similar questions would not be permitted and denying defendant's challenge to the juror for cause.

**4. Constitutional Law § 31— identity of confidential informer**

The solicitor's objection to the disclosure of the name of a confidential informer was properly sustained where there was no indication that the disclosure of the identity of the informer would be relevant or helpful to the defense.

APPEAL by defendant from *Cooper, Judge,* 17 April 1972 Session of Superior Court held in DURHAM County.

Defendant, William Fred Cameron, was charged in separate bills of indictment, proper in form, with (1) possession of a narcotic drug, to wit: 15 bags of heroin, and (2) sale of 15 bags of heroin to S. H. Conant, Durham Police Officer, for $60.00 on 25 February 1971 in Durham County. Upon defendant's pleas of not guilty, the State offered evidence tending to show that at about 8:30 p.m., 25 February 1971, Stephen H. Conant of the Durham Police Department Vice Squad, accompanied by a confidential informer, went to the residence of the defendant at 1130 Elmo Street, Durham, dressed in "white Levis, a white turtle neck cotton shirt, fatigue jacket, and a wig." Conant stated, "I was dressed in this particular fashion on that evening so that I could attempt to purchase any kind of drug." After being admitted to the premises and conversing with defendant, Conant purchased 15 bindles of heroin for $60.00.

Defendant offered no evidence. The jury found the defendant guilty as charged in each bill of indictment and from judgments imposing consecutive prison sentences totalling 10 years, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Henry E. Poole for the State.*

*Norman E. Williams and William H. Murdock and Felix B. Clayton for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of his motions for a bill of particulars. The record discloses that on 20 September

State v. Cameron

1971 defendant made a motion in writing that the State be ordered:

"[T]o furnish the Defendant with a Bill of Particulars setting forth accurately and in detail the time, place, amount, and price paid and the names of other persons that the State contends were present when the alleged offense was alleged to have been committed."

This motion was denied by Judge McKinnon on 24 September 1971 and the State was ordered "to furnish all names of witnesses." During proceedings prior to trial before Judge Cooper, defendant renewed the motion for a bill of particulars and the motion was again denied. In his brief, defendant argues:

"[T]he denial of his motion for a Bill of Particulars as to time and place on September 24, 1971, was an abuse of discretion; and . . . the denial of the motion for Additional Bill of Particulars at trial was a separate abuse of discretion as to time and place; and . . . was not consistent with the first order requiring the Solicitor to reveal the names of all witnesses."

The bills of indictment contain all of the information sought by defendant in his motions for a bill of particulars. The record indicates that the names of witnesses which the State intended to use at trial were given to defendant. Defendant has failed to show the court abused its discretion in denying the motions. *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802 (1967) ; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967) ; *State v. Scales,* 242 N.C. 400, 87 S.E. 2d 916 (1955).

[2] Defendant assigns as error the denial of his motion to continue. Defendant's motion to continue was not supported by affidavit; however, from statements in the record made by counsel and the court we glean that the motion to continue was made at about 3:45 p.m. on 12 April 1972. During the morning session of court on that day, the Grand Jury returned an additional bill of indictment against the defendant charging him with "continuing criminal enterprise under the Controlled Substances Act." Upon request of the solicitor, Judge Cooper ordered a capias for the defendant and set bond at $200,000. At that time, "there were not more than five or six of the prospective jurors in the courtroom who heard it." Judge Cooper stated, "Whether they connected it with this man or not,

I do not know. I don't know how many of the jurors have seen the newspaper. It is mighty quick printing, in any event."

An afternoon newspaper, The Durham Sun, published after the capias was issued, contained a front page article under the following headlines:

"$200,000 BOND SET
IN DOPE INDICTMENT

　　Called 'Organizer'—

　　Grand Jury
　　In Special
　　Session

　　　By James Wicker"

At trial, counsel for defendant stated, "I don't believe that man would get a fair trial under the circumstances . . . . "

While we appreciate the apparent speedy and thorough reporting of the news, we question the action of the solicitor in sending additional bills of indictment for the defendant to a *special session* of the Grand Jury when he knew the present case would be called for trial and when he apparently knew any additional information regarding the defendant would receive such prompt and thorough treatment by the news media. Indeed, the news story referred to in the record strongly indicates that much of the information contained therein could have come only from the solicitor. Nevertheless, there is nothing in this record to indicate that "the circumstances" complained of prevented defendant from receiving a fair trial. Defendant has failed to show that the court abused its discretion in denying the motion to continue or that he was prejudiced thereby. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972); *State v. Stinson,* 267 N.C. 661, 148 S.E. 2d 593 (1966).

[3] Defendant's fifth assignment of error relates to the *voir dire* examination of a prospective juror by defense counsel. Defendant contends the court abused its discretion in (1) not allowing defendant's counsel to ask a prospective juror whether "he would expect a defendant to come forth and testify before he would vote to acquit"; (2) instructing defense counsel, in the presence of the jury, that the question was improper and would not be allowed; and (3) denying defendant's challenge to the juror for cause.

State v. Cameron

A trial judge has broad discretion in the *voir dire* questioning of jurors. *Pence v. Pence,* 8 N.C. App. 484, 174 S.E. 2d 860 (1970), cert. denied 277 N.C. 111 (1970). The question of whether a juror is competent is one for the determination of the trial judge in the exercise of his discretion and his rulings thereon are not reviewable on appeal unless accompanied by some imputed error of law. *State v. Blount,* 4 N.C. App. 561, 167 S.E. 2d 444 (1969), cert. denied, 275 N.C. 500 (1969); G.S. 9-14. Defendant has failed to show that the trial judge abused his discretion by disallowing the question, instructing counsel that similar questions would not be permitted, and by denying the challenge for cause.

[4]  Next, defendant contends, "The court erred in sustaining the solicitor's objection to the disclosure of the name of the confidential informant."

This contention has no merit since there is nothing in this record to indicate that disclosure of the identity of the informer would be relevant or helpful to the defense. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969); *State v. Daye,* 13 N.C. App. 435, 185 S.E. 2d 595 (1972).

Defendant assigns as error the court's denial of his motions for judgment as of nonsuit.

There was plenary competent evidence to require submission of this case to the jury and to support the verdict.

Defendant has additional assignments of error which we have carefully considered and find to be without merit.

Defendant's trial in Superior Court was free from prejudicial error.

No error.

Chief Judge MALLARD and Judge MORRIS concur.