State v. Wood

———

STATE OF NORTH CAROLINA v. WILLIAM WOOD, DANIEL WARREN AND WILLARD RONALD WILDER

No. 7329SC685

(Filed 19 December 1973)

1. **Burglary and Unlawful Breakings § 5— uncorroborated accomplice testimony — sufficiency of evidence**

In a prosecution for felonious breaking or entering and possession of implements of housebreaking, evidence was sufficient to be submitted to the jury though it consisted only of the uncorroborated testimony of an accomplice that he and the three defendants broke into a pharmacy.

**2. Jury § 6— examination of prospective jurors — inquiry as to reasonable doubt — limitation proper**

The trial court did not err in refusing to allow defendants' counsel to ask prospective jurors if any one should "wind up and have more than one reasonable doubt, will you let that be known to the other members of the jury?" and "if you should have one single reasonable doubt would you vote to find the defendants not guilty?"

**3. Criminal Law §§ 95, 119— corroborating evidence — failure to request limiting instruction**

Defendants were not prejudiced where they objected to the admission of corroborating evidence but did not request the court to instruct the jury as to its limited use, the solicitor after defendants' objection stated that he offered the evidence for the purpose of corroboration of the witness and for no other purpose, and the court in its charge referred to the corroborative evidence and instructed the jury that it was not to be considered by them as evidence of the truth of statements made at an earlier time.

APPEAL by defendants from *Thornburg, Judge,* May 1973 Session Superior Court, RUTHERFORD County.

The three defendants were charged with felonious breaking or entering. Defendants Wood and Warren were also charged with possession, without lawful excuse, of implements of housebreaking. In addition, defendant Warren was charged with assault on a law enforcement officer with a deadly weapon while the officer was in the performance of his official duties. The jury found each defendant guilty as charged as to each offense. The court, on motion of defendant Warren, set aside the verdict of guilty of assault on a law enforcement officer. The defendants were represented at trial and are represented on appeal by privately retained counsel.

*Attorney General Morgan, by Assistant Attorney General Haskell, for the State.*

*George R. Morrow and Carroll W. Walden, Jr., for defendant appellants.*

MORRIS, Judge.

[1]  By their first argument defendants contend that the court should have granted their motions for nonsuit based on the position that the evidence against the defendants came from an accomplice and was unsupported by other evidence. Defendants concede that the law of this State is as stated in *State v. McNair,* 272 N.C. 130, 157 S.E. 2d 660 (1967):

State v. Wood

" 'It is well settled in this jurisdiction that although the jury should receive and act upon such testimony with caution, the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the accused.' *State v. Tilley,* 239 N.C. 245, 249, 79 S.E. 2d 473, 476, and cases cited; *State v. Saunders,* 245 N.C. 338, 342, 95 S.E. 2d 876, 879; *State v. Terrell,* 256 N.C. 232, 236, 123 S.E. 2d 469, 472." Id. at 132.

Applying the legal principle stated above, there was evidence which, when considered in the light most favorable to the State, is sufficient to show defendants were active participants in the crimes for which they were tried.

The owner of Cliffside Pharmacy had given a key to a deputy sheriff who entered the store on 10 June 1972 at about 11 o'clock p.m. At approximately 2:30 someone broke and entered the store. The deputy sheriff fired in the direction of that person or those persons. Return shots were fired. Burglary tools were found in the area. William Shaw testified that he knew the three defendants and had participated with them in breaking and entering Cliffside Pharmacy. He gave all the details of the incident and said he was the one who actually forced entry into the store and was the one who was shot in the leg by the deputy sheriff. The jury was properly instructed as suggested in *State v. McNair, supra.* This argument of defendants is without merit.

[2] On voir dire examination of the petit jury by defendants' counsel, he attempted to ask of the jurors whether if any one should "wind up and have more than one reasonable doubt, will you let that be known to the other members of the jury?" The State objected, and the court sustained the objection. He attempted then to ask "Ladies and Gentlemen of the Jury, if you should have one single reasonable doubt would you vote to find the defendants not guilty?" The court again sustained the State's objection. This, defendants contend, constituted prejudicial error. By statute and case law, any party to an action, whether civil or criminal, is entitled to inquire into the fitness and competency of any prospective juror. G.S. 9-15. *State v. Allred,* 275 N.C. 554, 169 S.E. 2d 833 (1969). Nevertheless, the trial court has broad discretion in the voir dire selection of jurors, *State v. Cameron,* 17 N.C. App. 229, 193 S.E. 2d 485

(1972), and the exercise of the party's right to examine prospective jurors should be carefully supervised by the trial court. *Karpf v. Adams* and *Runyon v. Adams,* 237 N.C. 106, 74 S.E. 2d 325 (1953). We perceive no abuse of discretion in the court's sustaining the objections of the State. The jury was fully and adequately instructed as to reasonable doubt.

[3] Defendants next urge that corroborating evidence was admitted without the court's instructing the jury as to its limited use. Defendants did object to the evidence but did not request a limiting instruction. Bobbitt, C.J., said in *State v. Sawyer,* 283 N.C. 289, 297, 196 S.E. 2d 250 (1973):

> "The general admission of evidence competent for a restricted purpose will not be held reversible error in the absence of a request at the time that its admission be restricted." Quoting 7 Strong, N. C. Index 2d, Trial, § 17.

Additionally, the solicitor after defendants' objection stated: "I offer this for the purpose of corroborating the witness Shaw, if it so does and for no other purpose." The court also in its charge referred to the corroborative evidence and carefully instructed the jury that it was not to be considered by them as evidence of the truth of statements made at an earlier time. We cannot conceive how defendants could possibly have suffered prejudice.

Finally, defendants argue that the court erred in instructing the jury upon the law with respect to assault with a firearm upon a law enforcement officer in the performance of his duties. Assuming *arguendo* that this was error, the charge was specifically limited to defendant Warren and the verdict of guilty of that offense was set aside. Again, no prejudice has been shown.

Defendants have had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and BALEY concur.