STATE OF NORTH CAROLINA v. PAUL HARRELL

No. 7316SC752

(Filed 9 January 1974)

1. Arson § 4— burning of store building — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for feloniously burning a store building where it tended to show that three weeks before the fire defendant offered money to another to

State v. Harrell

fix a switch box in defendant's store so that it would short out and cause a fire, that a fire in the store started in a cardboard box below the switch box, that defendant had certain debts and anticipated lawsuits, and that defendant was in the store less than 25 minutes before the fire was reported.

2. **Arson § 3; Criminal Law § 50— opinion testimony — point of origin of fire**

In a prosecution for felonious burning, the trial court did not err in permitting an experienced fireman and an SBI investigator to give opinion testimony as to the point of origin of the fire.

3. **Arson § 3— motive — financial obligations and pending lawsuits**

In a prosecution of defendant for feloniously burning his own store building, testimony concerning defendant's financial obligations and lawsuits pending against him was competent to show motive.

4. **Criminal Law § 34— burning of building — question as to burning of another building**

In a prosecution for the felonious burning of defendant's store building wherein defendant on cross-examination answered questions concerning fires that had occurred to a house and mill building which he owned, the trial court did not err in permitting the solicitor to ask defendant whether he had taken any tax advantage in burning the mill building.

5. **Criminal Law § 101— allowing bailiff to relay court's instruction — absence of prejudice**

When the bailiff informed the trial judge that he had been advised by the jury foreman that the jury was in disagreement, the judge's action in permitting the bailiff to relay an instruction to the jury to continue to deliberate to see if they could reach a verdict rather than giving such instruction to the jury in open court in the presence of defendant and his counsel, while disapproved, was not prejudicial to defendant where the evidence discloses that the bailiff did not exceed the judge's instructions and it does not appear that the jury was improperly influenced.

APPEAL by defendant from *McLelland, Judge,* 30 April 1973 Session of Superior Court held in ROBESON County.

Defendant was tried upon a bill of indictment charging him with the crimes of felonious burning and presenting a false insurance claim.

The State's evidence tended to show that on 4 September 1972 one James Rawls stopped in to see the defendant at defendant's music store in Lumberton, North Carolina. Rawls testified that defendant and he conversed about whether a switch box could be shorted out, thereby causing a fire. Rawls testified that defendant offered him $5,000 to fix the switch box in such

a fashion. Rawls declined the offer, and called the Lumberton Chief of Police that evening. The next day Rawls spoke with Assistant Police Chief H. C. Britt, relating to him the conversation he had with defendant the day before.

Assistant Chief Britt testified and confirmed that he had spoken to Rawls who told him of the conversation and gave him a diagram of the premises.

Two firemen for the City of Lumberton testified that they responded to a call at defendant's store at about 6:00 p.m. on 23 September 1972. Both men assisted in extinguishing the fire and testified that the wall in the store where the switch box was located was charred. Fireman Sam Byrd, Jr., testified that the remains of a cardboard box were against the wall where the switch box was located.

Fireman Byrd and Mr. C. J. Cole, an investigator for the State Bureau of Investigation, each testified that, in his opinion, the fire started in the cardboard box below the switch box.

Mr. Cole was allowed also to testify as to debts which defendant owed and lawsuits which defendant anticipated.

Merle Martin, an employee of defendant, who was living at defendant's home, testified that he left the store at 5:20 p.m. to take another employee home, and that at 5:35 p.m. when he passed by the store, defendant's car was still there. Martin testified that defendant did not arrive at home until approximately 5:40 p.m.

Defendant's evidence tended to impeach the credibility of the witness Rawls by enumerating prior convictions and presenting evidence that Rawls had a bad credit record.

Several witnesses testified that defendant was a person of good reputation.

Defendant testified in his own behalf that he did not offer Rawls money to burn his building.

*Attorney General Morgan and Assistant Attorney General Hensey for the State.*

*Johnson, Hedgpeth, Biggs and Campbell, by John Wishart Campbell, for the defendant.*

State v. Harrell

BROCK, Chief Judge.

[1]   Defendant's first assignment of error is addressed to the failure of the trial court to grant defendant's motion to dismiss made at the close of all the evidence. Defendant contends the evidence offered by the State was insufficient to require submission to the jury of the case.

The State presented a logical sequence of events and testimony which tended to show motive on the part of defendant to burn the building, a discussion as to how the burning could be accomplished less than three weeks before the fire, an offer of money to Rawls to burn the store, and that defendant was present in the building less than 25 minutes before the fire was reported.

"Upon motion to nonsuit, the evidence must be considered in the light most favorable to the state, giving the state the benefit of every reasonable inference to be drawn therefrom, and nonsuit should be denied where there is sufficient evidence, direct, circumstantial, or both, from which the jury could find that the offense charged has been committed and that defendant committed it." 2 Strong, N. C. Index 2d Supp., Criminal Law, § 106, p. 302. This assignment of error is overruled.

Defendant next argues that the trial court erred in allowing certain opinion testimony by State's witnesses, and in allowing the use of photographs in conjunction with the testimony of one of the State's witnesses.

[2]   Specifically, defendant contends that neither the witness Byrd, a fireman with 11½ years of fire fighting experience and a captain in charge of training, who had responded to the fire on the evening in question, nor the witness Cole, an employee of the State Bureau of Investigation whose specialty was the investigation of fires, having worked also as a fire investigator for the Insurance Commissioner and the Highway Patrol, should have been permitted to give opinion testimony.

" . . . [O]pinion is inadmissible whenever the witness can relate the facts so that the jury will have an adequate understanding of them and the jury is as well qualified as the witness to draw inferences and conclusions from the facts. If either of these conditions is absent, the evidence is admissible." Stansbury, North Carolina Evidence, Brandis Revision, § 124.

---

State v. Harrell

---

In this case, the trial judge properly ruled that due to the nature of fires, the average layman would be unable to deduce from the facts presented the point of origin of the fire. The opinion testimony elicited referred only to the point of origin of the fire, and did not present inferences or intimations as to how the fire started, when the fire started, or who started it.

As to the use of photographs by the witnesses to illustrate their testimony, the North Carolina rule is that photographs may be used to illustrate or explain the testimony of a witness.

This assignment of error is overruled.

[3] Defendant contends that the trial court committed prejudicial error in allowing the witness Cole to testify as to the financial obligations and pending lawsuits against the defendant. Defendant contends this testimony was irrelevant and immaterial to the issues at trial, merely serving to distract and inflame the jury.

"The existence of a motive is . . . a circumstance tending to make it more probable that the person in question did the act, hence evidence of motive is always admissible where the doing of the act is in dispute. . . . Motive may be proved by declarations and other conduct of the person himself, or by evidence of facts which would naturally give rise to a relevant motive and from which such a motive may therefore reasonably be inferred." Stansbury, North Carolina Evidence, Brandis Revision, § 83.

This assignment of error is overruled.

[4] Defendant also contends that the trial court erred in permitting questions which disclosed a former reprehensible act of the defendant. During the course of cross-examination of the defendant, defendant answered questions concerning fires that had occurred to a house and mill building which he owned. The District Attorney then asked: "You bought it [the mill building]. Take any tax advantage in burning it?" The witness never admitted burning the building.

"It is permissible, for purposes of impeachment, to cross-examine a witness, including the defendant in a criminal case, by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct. (Citations omitted.) Such questions relate to matters *within the knowledge of*

State v. Harrell

*the witness,* not to accusations of any kind made by others."
*State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174.

The scope of such questioning, however, is subject to the trial judge's discretion, and such questions must be asked in good faith. We find no evidence tending to show that the questioning was in bad faith, or that the trial judge abused his discretion. This assignment of error is overruled.

[5] Defendant contends that the trial court abused its discretion in denying defendant's motion to set the verdict aside and order a new trial. The motion was bottomed upon defendant's contention that the bailiff improperly communicated with the jury during its deliberations. Counsel for defendant has pursued this assignment of error with considerable fervor and tenacity. The following summary illustrates the events about which defendant complains.

Approximately fifty to sixty minutes after the jury began its deliberations in this case, its foreman knocked on the jury room door. The jury room door was approximately fifteen feet from the bench where the judge was seated and approximately fifteen feet from where the courtroom clerk was seated. The bailiff opened the jury room door to see if the jury was ready to return into open court. When the bailiff opened the door, the foreman advised him that the jury had a disagreement, and the bailiff understood the foreman to say that they stood 8 to 4. To prevent the jurors from saying anything further, the bailiff closed the door and reported to the presiding judge what had transpired. During this time another trial was in process. The presiding judge instructed the bailiff to return to the jury room and to inquire as to the reason for the knock on the door. The bailiff was again advised that the jury was in disagreement, but the jurors did not request to be allowed to return to the courtroom. The bailiff again reported to the presiding judge who instructed the bailiff to tell the jurors to consider the case longer and see if they could agree. The bailiff again went to the jury room door and told the jurors to deliberate further and try to reach a verdict. Thereafter, counsel for defendant went to where the bailiff was seated and asked the bailiff what had been said by and to the jury. The bailiff refused to tell him. The jury deliberated for approximately twenty minutes longer and returned into court with a verdict of guilty. The jurors were polled and each announced that the verdict of guilty was his verdict.

Defendant requested an opportunity to examine witnesses to develop the facts upon his motion to set aside the verdict and order a new trial. The trial judge, with fully sufficient patience, permitted and assisted defendant to offer all testimony defendant desired. The foregoing facts were brought out from examination of the bailiff, the courtroom clerk and the reporter.

We disapprove of the action of the trial judge in permitting the bailiff to relay the judge's instruction to the jury to continue to deliberate to see if they could reach a verdict. This is an instruction upon the duty of the jury which should have been given in open court by the judge in the presence of defendant and his counsel. Had the judge given his instruction in open court rather than relay it privately through the bailiff no suspicions would have been aroused concerning the sanctity of the jury verdict. Although we agree that the procedure followed in this case was sufficient to arouse defendant's concern, nevertheless, the evidence discloses that the bailiff did not exceed the instructions given to him by the judge, and it does not appear that the jury was improperly influenced by the conduct of which defendant complains. The trial judge assisted defendant in a plenary hearing to develop the facts. In our opinion, the facts do not support defendant's claim of prejudice. No abuse of discretion has been shown in denying defendant's motion to set aside the verdict.

No error.

Judges MORRIS and CARSON concur.