State v. Sargent

STATE OF NORTH CAROLINA v. WILLIAM FREDRICK SARGENT

No. 7416SC488

(Filed 19 June 1974)

**1. Arson § 3— procuring felonious burning — evidence concerning Molotov cocktails and damage**

In a prosecution for procuring the felonious burning of a store in violation of G.S. 14-62, the trial court properly admitted evidence concerning the preparation of Molotov cocktails, the damage caused by the fire at the store and the discovery of a glass jar and gasoline-soaked soil near the store since defendant was charged with complicity in the burning and not with mere solicitation, and it was necessary for the State to prove not only that defendant instructed someone to burn the store but also that the store was in fact burned.

**2. Arson § 3— procuring burning of store — reasons another store not burned**

In a prosecution for procuring the felonious burning of a store, testimony concerning reasons why the witness and his group did not burn another store was relevant and admissible to explain why defendant changed his plans and told another member of the group to burn the store that was burned after having told the witness to burn the other store.

**3. Arson § 3— procuring felonious burning — evidence defendant was AIM member — motive**

In a prosecution for procuring the felonious burning of a store, testimony by a participant in the burning that he and defendant were members of the American Indian Movement and came to Robeson county to help the Tuscarora faction establish a tribal identity was admissible when considered with evidence that a building on the campus of Pembroke State University had burned, since it tends to establish that defendant ordered the burning of the store in retaliation for the destruction of a historic building of the Indian community.

**4. Criminal Law § 89— prior consistent statements — corroboration**

Statements made by a State's witness to a deputy sheriff were properly admitted for the purpose of corroborating the testimony of the witness.

**5. Arson § 4; Criminal Law § 106— procuring felonious burning — accomplice testimony — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for procuring the felonious burning of a store notwithstanding the only substantive evidence linking defendant to the fire was the testimony of an accomplice who had pleaded guilty to a charge of felonious burning and was awaiting sentence at the time of defendant's trial.

APPEAL by defendant from *Hall, Judge,* 7 January 1974 Session of Superior Court held in ROBESON County.

State v. Sargent

Heard in Court of Appeals 28 May 1974.

Defendant was indicted for procuring the felonious burning of a grocery store known as Pate's Store, located one mile west of the town of Pembroke. The primary witness for the State at the trial was Lawrence Adolph Blacksmith. Blacksmith testified that he and defendant were members of the American Indian Movement (AIM). Defendant was his superior in the organization. In 1972 Blacksmith, defendant and a number of other AIM members came to Robeson County "to help the Tuscarora Indian faction down here in organizing and see if we could establish a tribal identity for them." On 18 March 1973, Old Main building on the campus of Pembroke State University burned down. Blacksmith testified that he and defendant were on the Pembroke campus that night, and defendant "walked to me and he says, 'Get your people together and start burning.' Then he pointed toward a southeastern section of Pembroke and says, 'Go over there and burn Pate's Store.' " Blacksmith then engaged in a conversation with Roy Lee Deese, Jimmy Deese, Leon Locklear, Rudy Locklear and two other persons. Shortly thereafter, he saw defendant talking to Roy Lee Deese and "heard Sargent say, 'Well, then, start down there, start burning down there,' and he pointed toward the western part of town." Blacksmith then got into a car with Roy Lee Deese, Jimmy Deese, Leon Locklear, Rudy Locklear and Mike Wolf. They carried Molotov cocktails and drove to Pate's Store west of the town of Pembroke. Leon Locklear threw a Molotov cocktail into Pate's Store, and the building burned down. While it burned, Blacksmith and the others drove back to the Pembroke campus. Defendant told Blacksmith that "it was a 'job well done, but I expected the whole town to go up.' " Blacksmith was asked why defendant decided to have Pate's Store west of Pembroke burned, instead of Pate's Store in the southeastern part of town. He replied that the store in the southeastern part of Pembroke could not be ignited by a Molotov cocktail, because it had no windows, was not made of wood, and was surrounded by a chain link fence.

Hubert Stone, a Robeson County deputy sheriff, testified about a statement which Blacksmith made to him. The statement corroborated the testimony given by Blacksmith at the trial. Several other witnesses gave testimony about the fire at Pate's Store.

Defendant testified that he was not Blacksmith's superior in the AIM and that he never told Blacksmith or anyone else to burn any building.

The jury found defendant guilty as charged, and he was sentenced to a prison term of 5 to 7 years. He appealed to this Court.

*Attorney General Robert Morgan, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Johnson, Hedgpeth, Biggs & Campbell, by John Wishart Campbell, for defendant appellant.*

BALEY, Judge.

[1] During the trial of this case, the State introduced considerable evidence concerning the preparation and use of Molotov cocktails, the damage caused by the fire at Pate's Store, and the discovery of a glass jar and gasoline-soaked soil near the store. Defendant contends that this evidence should not have been admitted, since he was charged only with procuring felonious burning and not with the actual burning of the store. This contention is not correct and must be rejected. When an individual is prosecuted for procuring felonious burning under G.S. 14-62, he is being charged with complicity in the burning and not with mere solicitation. To establish defendant's guilt, it was necessary for the State to prove not only that defendant instructed someone to burn Pate's Store, but also that the store was in fact burned. *State v. Cuthrell*, 233 N.C. 274, 63 S.E. 2d 549; 5 Am. Jur. 2d, Arson and Related Offenses, § 26; *see State v. Benton*, 275 N.C. 378, 167 S.E. 2d 775; *State v. Bass*, 255 N.C. 42, 120 S.E. 2d 580. Evidence of the fire and the events leading up to it, therefore, was as fully admissible as it would have been if one of the principals had been on trial for the actual burning of Pate's Store.

[2] Defendant particularly objects to the admission of Blacksmith's testimony concerning the reasons why he and his group did not burn Pate's Store in the southeastern part of Pembroke. This testimony was relevant and admissible to explain why defendant changed his plans and told Deese to burn Pate's Store west of town after telling Blacksmith to burn the store in southeastern Pembroke. Blacksmith's testimony about defendant's change of plans was more likely to be true if there were a

State v. Sargent

good reason for the change of plans than if there were no such reason.

[3]  The court did not err in admitting Blacksmith's testimony that he and defendant were members of AIM and came to Robeson County to help the Tuscarora faction establish a tribal identity. When considered together with the evidence that Old Main burned down on 18 March 1973, this testimony tends to establish a motive for the crime. The jury could reasonably infer that defendant ordered Blacksmith and his group to burn Pate's Store as a means of retaliation for the destruction of one of the historic buildings of the Indian community. *See State v. Jennings,* 16 N.C. App. 205, 192 S.E. 2d 46, *cert. denied,* 282 N.C. 428, 192 S.E. 2d 838; *cf. State v. Hairston,* 280 N.C. 220, 185 S.E. 2d 633, *cert. denied,* 409 U.S. 888.

[4]  The testimony of Deputy Sheriff Hubert Stone, which corroborated Blacksmith's testimony, was properly admitted into evidence. When a witness is contradicted by other witnesses, or when he is cross-examined in such a way as to cast doubt upon his credibility, evidence of his prior consistent statements is admissible for corroborative purposes. *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104; *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671, *vacated and remanded on other grounds,* 408 U.S. 939; *State v. Netcliff,* 14 N.C. App. 100, 187 S.E. 2d 450; 1 Stansbury, N. C. Evidence (Brandis rev.), §§ 50, 51.

[5]  Defendant asserts that the court should have granted his motion for nonsuit, since the only substantive evidence linking him to the fire at Pate's Store was the testimony of the accomplice Blacksmith. This assertion is without merit. "It is well settled in this jurisdiction that although the jury should receive and act upon such testimony with caution, the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the accused." *State v. McNair,* 272 N.C. 130, 132, 157 S.E. 2d 660, 662; *State v. Tilley,* 239 N.C. 245, 249, 79 S.E. 2d 473, 476; *State v. Wood,* 20 N.C. App. 267, 269, 201 S.E. 2d 231, 232. It is true, as defendant points out, that Blacksmith had pleaded guilty to a charge of felonious burning and was awaiting sentence at the time of defendant's trial. This fact, however, does not affect the admissibility of his testimony or its sufficiency to withstand a motion for nonsuit. It was merely a factor to be considered by the jury in determining whether his testimony should be believed.

Defendant has brought forward a number of other assignments of error concerning the admission or exclusion of evidence. In no case, however, do we find any error of sufficient significance to be considered prejudicial. The jury chose to believe the State's evidence. Defendant has received a fair trial and must abide by the verdict.

No error.

Judges MORRIS and HEDRICK concur.